**Jose Fidel GUAJARDO, Appellant,**

v.

**The STATE of Texas.**

**No. 1647–00.**

Court of Criminal Appeals of Texas, En Banc.

July 2, 2003.

Charles Cecil Starcher, Corpus Christi, for Appellant.

James D. Rosenkild, Asst. DA, Corpus Christi, Matthew Paul, State's Atty., Austin, for State.

*OPINION*

COCHRAN, J., delivered the opinion of the Court, joined by MEYERS, PRICE, WOMACK and HOLCOMB, JJ.

In this case we must decide whether a defendant may obtain appellate review of his collateral estoppel claim, when the trial court rejected that claim, if he fails to introduce a record of the first proceeding in the second proceeding and to include that record on appeal.[1] He cannot. Without the complete record, no reviewing court can determine exactly what specific facts the first factfinder actually found. Without that complete record, no reviewing court can address whether collateral estoppel might apply in a particular context or whether a trial court erred in rejecting that claim in a specific case. Therefore, we reverse the court of appeals, which held that appellant had "shown the predicate elements for the employment of collateral estoppel in the district court prosecution."[2]

1. We granted six questions for review, which are set out in the State's Brief on the merits:

   1) Where no documents from the county court case and no reporter's record from the county court's suppression hearing were introduced at the hearing in this case and are therefore not part of the appellate record, has Appellant carried his burden of presenting a record that affirmatively shows his entitlement to relief on his special plea, or has his failure to develop a proper record before the trial court resulted in an inadequate record in the Court of Appeals to pass on the issues he presents for review?

   2) Does the principle of collateral estoppel bar a district attorney from litigating a suppression issue in district court when the district attorney was not the party who litigated the issue in county court?

   3) Is a pretrial ruling on reasonable suspicion to stop, or probable cause to arrest, a ruling regarding an ultimate fact, or merely, as other courts have held, a ruling on the admissibility of evidence which cannot serve as the basis of a collateral estoppel bar to relitigation of that issue in another court on another case?

   4) Does jeopardy attach in a pretrial hearing on a motion to suppress and is a pretrial ruling on reasonable suspicion to stop, or probable cause to arrest, on a case that is subsequently dismissed, a final judgment, or merely, as other courts have held, a ruling on the admissibility of evidence which cannot serve as the basis of a collateral estoppel bar to relitigation of that issue in another court on another case?

   5) Is there a due process basis, independent of the double jeopardy clause, for application of collateral estoppel, and if so, does it apply where the first proceeding did not end in a final judgment?

   6) Is the Court of Appeals' decision—which is in direct conflict with published opinions from two other courts of appeals in cases with issues and facts nearly identical to those in this case but which were not mentioned in the decision in this case—correct?

2. *Guajardo v. State*, 24 S.W.3d 423, 426 (Tex. App.-Corpus Christi 2000).

## I.

In 1994, appellant was charged with a felony offense of carrying an unlawful weapon. He pleaded guilty in a Nueces County district court and was placed on five years' community supervision. In February 1998, Corpus Christi police officers arrested appellant for possession of cocaine and marijuana. The county attorney filed a misdemeanor marijuana charge in county court; the district attorney filed a felony cocaine charge in district court, along with a motion to revoke probation in the carrying-an-unlawful-weapon case.

According to the officers' offense report,[3] Corpus Christi Police Officers Leal and May were on routine nighttime patrol when they saw appellant's car. Officer Leal noticed that the license-plate light on the car was not working, so he made a U-turn and turned on his emergency equipment to initiate a traffic stop of appellant's car. Officer May saw appellant throw two small items out of the passenger side window before appellant stopped his car. While Officer Leal approached appellant, Officer May returned to the spot where he had seen appellant discard the items. Several people were standing around the spot, looking at a clear plastic bag containing a white powdery substance. One person said that she had seen this bag thrown out of a car, sail over the bed of a parked truck, and land on the sidewalk. Officer May retrieved the bag and then found a freshly burnt marijuana cigarette in the bed of the parked truck. After Officer May returned and told Officer Leal about the items that he had recovered, the officers arrested appellant. Officer Leal searched appellant at the jail and found an envelope containing $2,360 in cash. The items appellant had thrown out of his car window tested positive for marijuana and cocaine.

Appellant filed motions to suppress the evidence in both the county court and the district court, alleging that the police illegally arrested him and searched his car. After hearing testimony, the county court judge granted the motion to suppress. Apparently, the county attorney then dismissed the marijuana charges. The appellant returned to the district court and orally claimed that collateral estoppel barred any further litigation of the search and seizure issue in the district court. After being granted a continuance to have the record of the suppression hearing in the county court transcribed, appellant apparently provided the district court judge and felony prosecutor[4] with that transcript. Appellant never offered that transcript into evidence and did not make it a part of the appellate record. During the district court hearing, the prosecutor stated:

> Your Honor, I'm asking this Court not to suppress the evidence, and I understand, I think I understand the Court's reluctance to maybe make a different determination than a fellow judge, and after reading the transcript I will go on record [sic] your fellow judge, based on what she had before her, probably made a wise and informed decision, but I believe my fellow prosecutor in the County Court didn't pick up on a legal argument and I want to inform the Court that even if you assume that your fellow

---

**3.** This offense report is the only source of pertinent facts which appears in the appellate record. At appellant's plea hearing, the State formally offered that report into evidence as State's Exhibit 2, and appellant stipulated that the report reflected "what the evidence would be if we went to trial on the case."

**4.** At this time, the county attorney represented the State in the county court and the district attorney represented the State in the district court.

judge's factual determination was true, I'm not agreeing that it's true, but even if you assume that it's true, that this evidence should not have been suppressed . . .

The prosecutor then argued that appellant had "abandoned" the drugs before he was detained by the police and thus appellant had no standing to complain about their recovery by police from the sidewalk and truck bed. The district court judge noted that appellant's written suppression motion was directed toward the search of appellant's car, but no drugs were recovered from his car.[5]

The district court judge asked appellant's attorney: "What is the law in the State of Texas where a person abandons contraband? Is that a search or is it not a search?" Counsel responded: "I believe it's a search. Reasonable suspicion to even come in contact with my client, Your Honor, started the search. The case has been litigated. . . . That's the case we're relying upon, Judge. It has been litigated once. To litigate it again would be collateral estoppel." The trial judge commented: "But that sounds to me as if the [county court] judge made the wrong [legal] decision," and he then denied appellant's motion to suppress and his oral plea of collateral estoppel.[6]

Appellant appealed the collateral estoppel issue to the court of appeals. The State contended that, as a threshold matter, the appellate record was not sufficient for the court of appeals even to address the district court's ruling. It noted that appellant failed to introduce *any* documents from the county court case, including the court reporter's record of the hearing, any written motion to suppress, any order granting the motion to suppress, any docket sheet or any dismissal order, as evidence or exhibits in the district court. Nor were any of these materials included in the appellate record.

The court of appeals, however, stated that: "there is nothing in the record to indicate that the hearing was anything other than a 'full hearing' on the suppression issue."[7] It concluded that "the district court erred in denying Guajardo's special pleas of collateral estoppel."[8]

The State filed a petition for discretionary review with this Court setting out ten different questions for review. We granted six of those questions, but, because we decide the case based on the State's first question for review, we dismiss the rest as unnecessary to the disposition of this case.

## II.

It is well-settled law that, in reviewing any collateral estoppel claim, both

---

5. Appellant's written motion to suppress requested the trial court "to suppress all evidence seized as a result of the arrest of defendant and the search of defendant's vehicle, as well as all statements, either written or oral, made after such arrest. . . . The search of his vehicle was illegal, since conducted without valid warrant, or probable cause, or reasonable suspicion, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, Article I, § 9 of the Texas Constitution and Article 38.23 of the Texas Code of Criminal Procedure."

6. On appeal, the State argued, *inter alia,* that the trial court properly denied appellant's oral plea of collateral estoppel because he did not file a written, verified special plea, as required by Tex.Code Crim. Proc. arts. 27.05–27.06, until two months after his oral motion had been denied. The written motion was apparently not brought to the trial court's attention and was never ruled upon. The court of appeals did not address this argument, and we need not do so either.

7. *Guajardo,* 24 S.W.3d at 426.

8. *Id.*

the trial and appellate courts must "examine the record of [the prior proceeding], taking into account the pleadings, evidence, charge, and other relevant matters,"[9] to determine whether a rational factfinder could have grounded its decision on a fact other than the specific fact that the party now claims has been resolved in his favor. Collateral estoppel deals *only* with specific factual determinations, not legal claims or legal conclusions.[10]

The burden is "on the defendant to demonstrate, by examination of the record of the first proceeding, that the [factual] issue he seeks to foreclose was actually decided in the first proceeding."[11] Here, as in *Dowling v. United States*,[12] appellant has failed to present a record which could

9. *Ashe v. Swenson*, 397 U.S. 436, 444, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (court must examine the entire record of prior proceedings to determine what issue or issues are foreclosed from relitigation); *Ex parte Taylor*, 101 S.W.3d 434, 441 (Tex.Crim.App.2002) (quoting *Ashe v. Swenson* and stating that "[i]n each case, courts must review the entire trial record to determine—'with realism and rationality'—precisely what fact or combination of facts the jury necessarily decided and which will then bar their relitigation in a second criminal trial"); *Ex parte Watkins*, 73 S.W.3d 264, 268–69 (Tex.Crim.App.2002).

10. Fact issues would include, for example, a finding that the defendant did or did not have a license plate light, the police officers did or did not see the defendant's license plate, the defendant did or did not throw a baggie out of his car window. Legal issues or conclusions, such as the constitutional validity of a particular arrest or search, whether "a stop was illegal," or the application of the "abandonment" doctrine, are not themselves subject to collateral estoppel.

Reviewing courts give great deference to factual findings, but they review legal conclusions and applications *de novo*. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). As this Court explained in *Guzman:*
If the issue involves the credibility of a witness, thereby making the evaluation of that witness' demeanor important, compelling reasons exist for allowing the trial court to apply the law to the facts. On the other hand if the issue is whether an officer had probable cause to seize a suspect, under the totality of the circumstances, the trial judge is not in an appreciably better position than the reviewing court to make that determination. In a recent decision, the United States Supreme Court held that, although great weight should be given to the inferences drawn by the trial judges and law enforcement officers, determinations of

reasonable suspicion and probable cause should be reviewed de novo on appeal. The Court stated, "the legal rules for probable cause and reasonable suspicion acquire content only through application. Independent review is therefore necessary if appellate courts are to maintain control of, and to clarify the legal principles"
*Id.* at 87 (quoting *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), other citations omitted). This same "fact v. legal application" distinction applies in criminal collateral estoppel cases under *Ashe v. Swenson*, which speaks of "ultimate facts" rather than "ultimate legal conclusions."

11. *Schiro v. Farley*, 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994) (quoting *Dowling v. United States*, 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *Clark v. Bear Stearns*, 966 F.2d 1318, 1321 (9th Cir.1992) ("[t]he party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment"); *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir.1979) (when record before district court is inadequate for it to determine whether it should apply collateral estoppel doctrine, appellate court will not consider issue on appeal; "[i]t is not enough that the party introduce the decision of the prior court; rather the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated"); *see also Anderson v. State*, 635 S.W.2d 722, 726 (Tex.Crim.App. 1982) ("when the record fails to contain the evidence offered in support of the plea of [double] jeopardy, this Court is in no position to review a contention asserting that a trial court erred in overruling the plea").

12. 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990).

support his claim. The Supreme Court stated, in that case, that "[t]he only clue to the issues in the earlier case was a discussion between the prosecutor, Dowling's attorney, and the District Judge that took place during the hearing[,]" in which the defendant claimed that collateral estoppel barred the admission of evidence concerning a prior robbery for which he had been acquitted.[13] Without a record of the first trial, the Court explained, "[t]here are any number of possible explanations for the jury's acquittal.... As the record stands, there is nothing at all that persuasively indicates that the question of identity was at issue and was determined in Dowling's favor at that prior trial[.]" [14]

In this case, the court of appeals stated that:

> the relevant fact issue was the validity of the stop and search which resulted in the seizure of narcotics. It is undisputed that the marijuana at issue in the county court at law and the cocaine at

issue in the district court were seized at the same time as a fruit of the same search. It stands to reason that the fact issues surrounding the lawfulness of the search in one case will be the same in the other. Accordingly, we conclude that the fact issue in each case was the same.[15]

Although it might "stand to reason" that fact issues decided in one suppression hearing would be the same as those presented in a second one, any such conclusion is simply a "possibility" and not a certainty.[16] That type of speculation about the factual findings in a prior proceeding is precisely what the Supreme Court did not permit in *Dowling*. Under *Ashe v. Swenson* and its progeny, an appellate court must review the entire testimonial record in the first proceeding to determine precisely what specific facts were actually decided and whether the resolution of those facts necessarily forecloses further pro-

---

13. *Id.* at 351, 110 S.Ct. 668.

14. *Id.* at 352, 110 S.Ct. 668; *see also United States ex rel. Fulton v. Franzen*, 659 F.2d 741, 744 (7th Cir.1981) (although counsel had requested record of prior proceeding, it was never made part of record in second proceeding, thus "without a record of the [prior hearing], the district court would be unable to determine what issues were actually decided at the [prior hearing] on what evidence"); *Kauffman v. Moss*, 420 F.2d 1270, 1274–75 (3d Cir.1970) (because district court had not examined record from prior trial, it was error to rely upon judgment from that case for purposes of collateral estoppel).

15. *Guajardo v. State*, 24 S.W.3d at 426.

16. *See Ladner v. State*, 780 S.W.2d 247, 254 (Tex.Crim.App.1989) (citing *Ashe v. Swenson* and stating that "when a fact is not necessarily determined in the former trial, the possibility that it may have been does not prevent reexamination of that issue"); *State v. Nash* 817 S.W.2d 837, 840 (Tex.App.-Amarillo 1991, pet. ref'd) ("the test [for collateral estoppel] is, whether the verdict was *necessarily*

grounded upon an issue which the defendant seeks to foreclose from litigation, not whether there is a *possibility* that some ultimate fact has been determined adversely to the State") (emphasis in original); *Ex parte Lane*, 806 S.W.2d 336, 338 (Tex.App.-Fort Worth 1991, no pet.) ("[t]he question is not whether there is a possibility that some ultimate fact has already been determined adversely to the State, but whether after examining the entire record, the verdict in the first trial was necessarily grounded upon an issue the defendant seeks to foreclose from litigation"); *see, e.g., De La Rosa v. Lynaugh*, 817 F.2d 259, 263 (5th Cir.1987) ("[w]hen a 'fact is not *necessarily* determined in a former trial, the possibility that it may have been does not prevent reexamination of the issue' ") (quoting *Adams v. United States*, 287 F.2d 701, 705 (5th Cir. 1961) (unless record of prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent relitigation of that issue)).

ceedings. Without that record, appellant cannot even reach first base.

Thus, neither we nor the court of appeals could fulfill *Ashe v. Swenson's* mandate that a reviewing court, in applying the doctrine of collateral estoppel, must examine the proceedings in the previous hearing. Because the trial court denied appellant's claim of collateral estoppel, and neither the court of appeals nor this Court has a transcript of the first suppression hearing, we hold that appellant failed to provide a sufficient appellate record to review the trial court's ruling.[17] Any further discussion concerning this case would be an advisory opinion. We therefore reverse the court of appeals and affirm the trial court's judgment in this case.

MEYERS, J., filed a concurring opinion.

JOHNSON, J., filed a concurring opinion.

HERVEY, J., filed a concurring opinion, joined by KEASLER, J. and in Parts 3 & 4 by KELLER, P.J.

MEYERS, J., filed a concurring opinion.

In 1998, in *State v. Brabson,* this Court first considered the use of the doctrine of collateral estoppel in criminal cases, beyond the *Ashe v. Swenson* double jeopardy context. *State v. Brabson,* 966 S.W.2d 493 (Tex.Crim.App.1998), *op. withdrawn, reh'g denied, op.'s combined at* 976 S.W.2d 182 (Tex.Crim.App.1998). In *Brabson,* this

Court agreed that the principle did exist, but denied relief because the necessary criteria were not met under the specific facts of that case. *Id.* Today we are asked again to address the applicability of civil collateral estoppel principles to Texas criminal cases.

While I agree with the majority holding, and join in the Court's opinion, I write separately to emphasize an alternative basis for the holding. In granting review on point of error number six, we sought to answer the question of whether the Court of Appeals' decision here is correct, although it appears to conflict directly with two other published opinions, *State v. Rodriguez,* 11 S.W.3d 314 (Tex.App.-Eastland 1999), and *State v. Henry,* 25 S.W.3d 260 (Tex.App.-San Antonio 2000).

Both of those cases held that a county court's suppression order resulting in dismissal of a case in that court did not implicate collateral estoppel principles. *Rodriguez,* in discussing whether collateral estoppel in criminal cases should be expanded beyond the double jeopardy concept, cited *Ashe v. Swenson* for the proposition that the issue in question had to be "determined by a valid and final judgment." *Rodriguez,* 11 S.W.3d at 322, *citing Ashe,* 397 U.S. at 443, 90 S.Ct. 1189. The *Henry* court further explained that dismissal of a prosecution does not render the suppression ruling in that case "final" for collateral estoppel purposes. *Henry,* 25 S.W.3d at 262.

---

17. The concurring opinion states that it is unclear whether we are holding that appellant failed to produce a sufficient record in the district court or in the appellate courts. We do not know if appellant produced a sufficient record of the testimony taken in the county court suppression hearing for the district court judge precisely because he did not provide a sufficient appellate record. He failed to include, in the appellate record, whatever it was that he presented in the district court. It is, however, the appealing party's burden to ensure that the record on appeal is sufficient to resolve the issue he presents. *See Rowell v. State,* 66 S.W.3d 279, 282 (Tex.Crim.App.2001) (under TEX R.APP. P. 34.6, "[i]t is no longer necessary, or sufficient, for a party to argue that the appeal should be decided by hypotheses about missing portions of the record"; each party must "determine what is necessary for a record to be so complete as to enable the appellate court to decide the point of error (including its preservation and its effect)").

I agree with the Courts of Appeals in *Rodriguez* and *Henry*. When a case is dismissed, with or without prejudice, the rulings made before dismissal have no precedential value. It should not be surprising that appellant in this case was unable to produce any valid record of the proceedings to satisfy *Ashe's* requirements, because no such record is created when a case is dismissed. Because dismissal before jeopardy attaches does not qualify as a "final disposition" of any factual question, collateral estoppel is not applicable.

The majority here reaches the correct result, not only because the appellant failed to bring a sufficient record, but because that record would have been from a case which had been dismissed. Therefore, I join in the Court's opinion.

JOHNSON, J., filed a concurring opinion.

Drawing on the facts asserted in the briefs of both parties, this prosecution resulted from the observation by two police officers that appellant's vehicle did not have a working license-plate light. The officers turned on their flashing lights. While both cars were still moving, the officers, and other witnesses, saw two small objects fly out of the passenger window in appellant's car; appellant was alone in the car. After both cars came to a stop, one officer went to retrieve those items while the other officer approached appellant, who was still in or near his car. The first officer found the cocaine and marijuana, rejoined the second officer, and informed him of the drugs. Only at that point was appellant arrested. The officers then performed an inventory search of appellant's car and recovered a large sum of money.

Appellant's motion to suppress requested suppression of "all evidence seized as a result of the arrest of defendant and the search of defendant's vehicle. . . ." The motion further alleged that the search of appellant's car was illegal because the police stopped appellant without a warrant, probable cause, or reasonable suspicion.

The only physical evidence seized "as a result of the arrest of defendant and the search of [appellant's] vehicle" was the money. Thus, the motion to suppress, by its own terms, does not challenge the recovery of the jettisoned cocaine and marijuana. Appellant has therefore not challenged the manner of the state's acquisition of those essential pieces of evidence and has not preserved any error as to the state's acquisition.

I concur in the judgment of the Court.

HERVEY, J., filed a concurring opinion in which KEASLER, J., joined. P.J. KELLER, joined Parts 3 and 4.

The basis for the Court's decision is not clear. Consistent with the first ground for review set out in footnote one of its opinion, the Court disposes of this case on the basis that appellant did not develop a proper record before the district court, resulting in an inadequate record in the Court of Appeals, to decide the merits of appellant's collateral estoppel claim. *See Guajardo v. State*, 109 S.W.3d 456, 457 (Tex.Cr.App., No. 1647–00, delivered this date). Later in its opinion, however, the Court states that appellant "failed to provide a sufficient record to review the trial court's ruling" because "the trial court denied appellant's claim of collateral estoppel, and neither the court of appeals nor this Court has a transcript of the [county court] suppression hearing." *See Guajardo*, op. at 462.

It is, therefore, unclear whether the Court is deciding that appellant failed to present a sufficient record in both the

district court and the Court of Appeals or whether the Court is deciding that appellant presented a sufficient record in the district court but failed to make that record part of the appellate record resulting in an inadequate record on appeal to review the trial court's ruling. It would appear that the latter is more likely since the record reflects that the district court had the reporter's record of the county court suppression hearing before it during the district court hearing on appellant's motion to suppress. *See Guajardo*, op. at 458.

In any event, my understanding is that one of the reasons we granted discretionary review in this case was to decide whether collateral estoppel principles, beyond the federal constitutional double jeopardy context set out in the United States Supreme Court's decision in *Ashe v. Swenson*,[1] would even apply to Texas criminal cases. We do not need the record of the county court suppression hearing to decide that question, and the Court should, therefore, address it.

## I.

But first, I must respectfully disagree with the Court's decision that appellant did not present a sufficient record in either the district court or the Court of Appeals to address his collateral estoppel claim. The district court record reflects that appellant threw a baggie containing marijuana and cocaine out of his car when the police initiated a traffic stop of the car for a burned-out license plate light. The county attorney charged appellant with misde-

meanor possession of marijuana, and the district attorney charged appellant with felony possession of cocaine. The county attorney prosecuted the marijuana case in county court, and the district attorney prosecuted the cocaine case in district court.[2]

Appellant filed a motion in the county court case to exclude the marijuana evidence. After a hearing during which only one of the arresting officers testified, the county court granted appellant's suppression motion after finding "that the stop [of appellant's car by the police] and [the] seizure were illegal." After this, the county attorney dismissed the marijuana case with prejudice.

Appellant later filed a motion in the district court to suppress the cocaine evidence based on the police stop and search of appellant's car. This motion was identical to the one appellant filed in the marijuana case. Appellant claimed at the suppression hearing in the district court that the district attorney was collaterally estopped from litigating the legality of the police stop of appellant's car in the cocaine case because that issue had been decided adversely to the county attorney in the marijuana case. The district attorney made no claim in the district court suppression hearing that appellant presented an insufficient record to decide appellant's collateral estoppel claim. The district court overruled the merits of appellant's collateral estoppel claim without expressing any reservations about the adequacy of the record. The district court also denied

1. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

2. Neither party disputes, and they apparently agree, that the county attorney and the district attorney are separate entities since the district attorney was authorized to serve only the district courts in Nueces County. *See* Acts 1985, 69th Leg., ch. 480, Section 1, (authoriz-

ing district attorney to serve only the district courts of Nueces County). This has been amended to authorize the district attorney to also prosecute criminal cases in county court. *See* Tex. Gov't Code Ann., § 43.148(b), Acts 1999, 76th Leg., ch. 387, Section 1. These amendments do not apply to this case.

appellant's suppression motion based on the parties' stipulation that the facts in the district court suppression hearing were the same as those developed in the county court suppression hearing.

These facts were developed during the district court suppression hearing mostly through the parties' unchallenged assertions and references to the relevant portions of the reporter's record from the county court suppression hearing. These facts are sufficient to review the merits of appellant's collateral estoppel claim.

The Court seems to decide, however, that appellant should have made the record of the county court suppression hearing part of the appellate record in this case to satisfy *Ashe v. Swenson*'s mandate that

the reviewing court examine this record to determine what discrete facts the county court necessarily found in support of its finding that the stop of appellant's car was illegal.[3] But, it was necessary to do that in *Ashe v. Swenson* because *Ashe v. Swenson* involved trying to determine what a jury necessarily found by what amounted to a general not guilty verdict.[4]

In this case, however, it is not necessary to review the record from the county court suppression hearing to determine what the county court found. We know what the county court found and appellant is relying on the county court's express finding that the stop of appellant's car was illegal. This was the same issue that appellant

---

**3.** Had the county attorney sought appellate review of this finding, the case would have been similar to *State v. Ross*, 32 S.W.3d 853 (Tex.Cr.App.2000). There, the trial court without explanation ruled in favor of the defendant on a motion to suppress even though the State presented through a single witness uncontradicted testimony that would have supported denying the motion to suppress. *See Ross*, 32 S.W.3d at 854. We decided that in these circumstances "there is not necessarily a 'concrete' set of facts that can be implied from such a ruling" except that the trial court was not compelled to believe the witness' testimony. *See Ross*, 32 S.W.3d at 856–58.

So, for collateral estoppel purposes the most that might be gleaned from an examination of the record of the county court suppression hearing would be that the county court did not believe the testimony of the county attorney's only witness. In addition, it is unnecessary to try to determine exactly what discrete facts the county court necessarily found since the "congeries of fact" necessarily found by the county court support its ruling that the stop of appellant's car was illegal. *See Ex parte Taylor*, 101 S.W.3d 434, 443 n. 29 (Tex.Cr.App., 2002) (unnecessary to decide exactly what facts the factfinder found by its general not guilty verdict since the "congeries of fact" necessarily decided by the factfinder precluded litigation of intoxication issue in a subsequent criminal prosecution).

**4.** In *Ashe v. Swenson,* the defendant and several others were accused of robbing several

poker players during the same transaction. *See Ashe,* 90 S.Ct. at 1195–96. A jury found the defendant "not guilty due to sufficient evidence" in the defendant's first prosecution for robbing poker player A. *See id.* The Supreme Court decided that the jury necessarily determined by this verdict that the defendant "was not one of the robbers" so the rule of collateral estoppel "as embodied in the Fifth Amendment guarantee against double jeopardy" prohibited the defendant's subsequent prosecution for robbing poker player B. *See id.; see also Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990) (Ashe's acquittal in first trial foreclosed the second trial because "the acquittal verdict could only have meant that the jury was unable to conclude beyond a reasonable doubt that [Ashe] was one of the bandits"). Had the jury in *Ashe v. Swenson* expressly found in its verdict that the defendant "was not one of the robbers," it is likely the Supreme Court would have decided the case the same way even if the defendant had not presented the record from the criminal prosecution for the robbery of poker player A. The point is that *Ashe v. Swenson* does not mandate producing the record of the prior proceeding in every collateral estoppel case. It mandates this only when it is necessary to determine what the factfinder found. In this case, we know what the factfinder found.

sought to foreclose from litigating in the district court. *See* Vestal, A., *Res Judicata/Preclusion*, Matthew Bender & Co. (1969) at 189–90 ("findings of fact may establish certain issues" for collateral estoppel purposes); *see also Ex parte Watkins*, 73 S.W.3d 264, 269, 275 (Tex.Cr.App. 2002) (prosecution collaterally estopped from litigating whether appellant attempted to murder victim B in the heat of sudden passion because of a jury's prior express fact finding that appellant murdered victim A in the heat of sudden passion during the same criminal transaction). Appellant did not seek to foreclose litigating any other discrete facts that the county court may have necessarily found in his favor.

But the Court decides (and this seems to be the crux of the Court's decision) that it is still necessary to examine the record from the county court suppression hearing to determine what discrete facts the county court found because collateral estoppel "deals *only* with specific factual determinations, not legal claims or legal conclusions" such as the county court's express finding that the stop of appellant's car was illegal. *See Guajardo*, op. at 460 (emphasis in original). Collateral estoppel principles, however, can apply to foreclose relitigating questions of law such as this. *See* Restatement (Second) of Judgments, § 27, American Law Institute Publishers (1982) at 253 (an issue on which relitigation is foreclosed may be one of law); *see also U.S. v. Shanbaum*, 10 F.3d 305, 311 (5th Cir.1994) (collateral estoppel doctrine promotes interests of judicial economy by treating specific issues of fact or law that are validly and necessarily determined between two parties as final and conclusive). And, the Court's opinion cites no contrary authority.

## II.

Having concluded that appellant presented a sufficient record to decide the merits of his collateral estoppel claim, I would nevertheless decide the merits of this claim adversely to appellant. The collateral estoppel doctrine's elements are "simply that when an issue of ultimate fact has once been determined by a valid and final judgment that issue cannot again be litigated between the same parties in any future lawsuit." *See Ashe*, 90 S.Ct. at 1194; *Reynolds v. State*, 4 S.W.3d 13, 17–18 (Tex.Cr.App.1999). This doctrine literally applies for the benefit of both parties in a lawsuit. *See id.* It makes no exceptions for any modifications to accommodate "special concerns" of criminal cases, and it does not provide for its mutation into a one-way street for the benefit of only one of the parties in a lawsuit. *See id.*[5]

---

5. *See, e.g., Reynolds*, 4 S.W.3d at 17–18 (collateral estoppel doctrine makes no distinction between which party claims its benefit; for example, neither this doctrine nor any other constitutional provision arguably would prohibit the prosecution from relying on collateral estoppel principles in a successive criminal prosecution to establish an element of the offense that a jury found adversely to a defendant in a prior criminal prosecution); *People v. Page*, 155 Ill.2d 232, 185 Ill.Dec. 475, 614 N.E.2d 1160, 1167 (1993), cert. denied, 510 U.S. 981, 114 S.Ct. 479, 126 L.Ed.2d 430 (1993) (permitting the prosecution to invoke collateral estoppel doctrine against criminal defendant in the context of a suppression motion); Vestal, *Issue Preclusion And Criminal Prosecutions*, 65 Iowa L.Rev. 281, 319–21 (1980) (prosecution can use collateral estoppel doctrine in successive criminal prosecution to establish an element of offense because the defendant previously has had a jury determine this issue).

*But see, e.g., Page*, 185 Ill.Dec. 475, 614 N.E.2d at 1167 ("special concerns" limit prosecution's use of collateral estoppel doctrine in criminal cases); *People v. Aguilera*, 82 N.Y.2d 23, 603 N.Y.S.2d 392, 623 N.E.2d 519, 522 (N.Y.Ct.App.1993) (in criminal cases collateral estoppel doctrine "cannot be applied in quite the same way as in civil cases"); *Reynolds*, 4 S.W.3d at 26 n. 5 (Meyers, J.,

It should initially be noted that this case does not implicate *Ashe's* rule of collateral estoppel as "embodied in the Fifth Amendment guarantee against double jeopardy." *See Ashe*, 90 S.Ct. at 1195; *Reynolds*, 4 S.W.3d at 19–22 (under principles of federalism, *Ashe's* constitutional collateral estoppel rule has limited applicability to the states). The essential double jeopardy protection identified in *Ashe* was that the jury's "not guilty due to insufficient evidence" verdict in the defendant's first prosecution also amounted to a finding that the defendant was not guilty of the offense for which he was subsequently prosecuted. *See Reynolds*, 4 S.W.3d at 21–22 (*Ashe's* "not guilty due to insufficient evidence" verdict in first prosecution also amounted to an "acquittal" of the charge in the subsequent prosecution).

Here, however, the county court's evidentiary finding in the marijuana case that the police stop of appellant's car was illegal does not implicate the essential double jeopardy protection identified in *Ashe*. This evidentiary finding by the county court is not a finding that appellant is not guilty of the cocaine offense.[6] The Court of Appeals, therefore, was mistaken to the extent it may have decided that this case falls under *Ashe's* rule of collateral estoppel as "embodied in the Fifth Amendment

guarantee against double jeopardy." *See Guajardo*, 24 S.W.3d at 425–26 n. 3.

Assuming that the district attorney and the county attorney are the same parties for collateral estoppel purposes,[7] collateral estoppel principles beyond *Ashe's* double jeopardy context still do not prohibit the district attorney from litigating the validity of the police stop of appellant's car in the cocaine case. An evidentiary ruling on a motion to suppress is not a ruling on an issue of ultimate fact or law in the cocaine case. *See Neaves v. State*, 767 S.W.2d 784, 786–87 (Tex.Cr.App.1989) (existence of probable cause to believe defendant was driving drunk not issue of ultimate fact in defendant's DWI prosecution). This evidentiary ruling also is not a final judgment. *See State v. Rodriguez*, 11 S.W.3d 314, 322–23 (Tex.App.-Eastland 1999, no pet.) (ruling on suppression motion not final judgment); *State v. Maggard*, 906 S.W.2d 845, 848 (Mo.App.1995) (prosecution's dismissal of charge following adverse decision on motion to suppress not prior adjudication that resulted in judgment on merits); *see generally* Vestal, *Res Judicata/Preclusion* at 343–93 (discussing collateral estoppel concepts in criminal cases) and at 353 (discussing possible situations where collateral estoppel principles might be involved in criminal cases most of which involve situations where criminal

---

dissenting) (in criminal cases collateral estoppel doctrine should be "modified" into a "one-way street" for the benefit of only criminal defendants).

**6.** *See Reynolds*, 4 S.W.3d at 19–22 (under principles of federalism, *Ashe's* rule of collateral estoppel as "embodied in the Fifth Amendment guarantee against double jeopardy" does not apply to states except in cases implicating essential double jeopardy protections such as a subsequent criminal prosecution for the same offense after acquittal); *Ex parte Tarver*, 725 S.W.2d 195, 197–200 (Tex. Cr.App.1986) (probation revocation proceeding is "essentially criminal" for double jeop-

ardy purposes; therefore, double jeopardy principles prohibited defendant's criminal prosecution for offense that in a prior probation revocation proceeding the trial court found the defendant did not commit); *but also see Reynolds*, 4 S.W.3d at 20 n. 17 (*Tarver* inconsistent with Fifth Circuit case law holding that double jeopardy clause does not apply to probation revocation proceedings).

**7.** *See, e.g., State v. Brabson*, 976 S.W.2d 182, 184 (Tex.Cr.App.1998) (Texas Department of Public Safety and Dallas County District Attorney not same parties for collateral estoppel purposes).

prosecution resulted in final judgment after a general jury verdict and none of which involved rulings on pretrial motions to suppress).

### III.

We also exercised our discretionary authority to decide whether collateral estoppel principles beyond *Ashe's* double jeopardy context should even apply to criminal cases. I would decide that they do not. *See generally Rodriguez*, 11 S.W.3d at 318–24 (setting out various reasons for deciding that collateral estoppel principles should not apply to criminal cases); *cf. Dowling*, 110 S.Ct. at 672 (declining to apply in federal criminal prosecution collateral estoppel principles beyond *Ashe's* double jeopardy context); *U.S. v. Brackett*, 113 F.3d 1396, 1401 n. 9 (5th Cir.), cert. denied, 522 U.S. 934, 118 S.Ct. 341, 139 L.Ed.2d 265 (1997) (*Dowling* effectively limits collateral estoppel doctrine to *Ashe's* double jeopardy context by limiting this doctrine "to cases in which the government seeks to relitigate an essential element of the offense").

This Court has never squarely addressed whether collateral estoppel principles beyond *Ashe's* double jeopardy context should apply to Texas criminal cases. *See Reynolds*, 4 S.W.3d at 15–22 and cases cited therein; *Brabson*, 976 S.W.2d at 183–86 and cases cited therein.[8] Under these circumstances, it is appropriate to address this issue as one of first impression in Texas.[9]

It should be recognized once again that collateral estoppel principles were originally developed under the civil common law to promote judicial efficiency concerns between private litigants in civil cases. *See Reynolds*, 4 S.W.3d at 17. The application of these principles to criminal cases is a relatively recent phenomena. *See, e.g., People v. Gates*, 434 Mich. 146, 452 N.W.2d 627, 630, cert. denied, 497 U.S. 1004, 110 S.Ct. 3238, 111 L.Ed.2d 749 (1990) ("crossover" collateral estoppel cases are relatively "recent and rare"); *Aguilera*, 603 N.Y.S.2d 392, 623 N.E.2d at 522 (recognizing that collateral estoppel principles had hardly been applied in criminal cases); *Page*, 185 Ill.Dec. 475, 614 N.E.2d at 1167 (collateral estoppel principles more commonly used in civil cases); *see also* Vestal, *Res Judicata/Preclusion* at 346 n. 7 (finding it interesting that 1942 Restatement of Judgments completely excluded criminal cases from its scope).

---

8. *See also Reynolds*, 4 S.W.3d at 22–27 (Meyers, J., dissenting) (discussing the "confusion and difficulty engendered" when this Court has casually used the collateral estoppel term "without fully explaining whether we are referring to constitutional double jeopardy protections or simply to common-law principles").

9. Our decision in *Brabson* construed *Tarver* as a nonconstitutional decision applying collateral estoppel principles beyond *Ashe's* double jeopardy context. *See Brabson*, 976 S.W.2d at 183 (relying on *Tarver* to hold that this Court has adopted the nonconstitutional doctrine of "administrative collateral estoppel"). Our later decision in *Reynolds*, however, noted that *Brabson's* construction of *Tarver* was erroneous because *Tarver* was a constitutional decision applying *Ashe's* double jeopardy collater-

al estoppel principles. *See Reynolds*, 4 S.W.3d at 21 n. 18.

Even though a dissenting opinion in *Reynolds* claimed that *Tarver* should be construed as applying non-*Ashe* collateral estoppel principles, *Tarver* must be construed as applying *Ashe's* double jeopardy collateral estoppel principles because *Tarver* found it necessary to decide that a probation revocation proceeding is "essentially criminal" for double jeopardy purposes. *See Reynolds*, 4 S.W.3d at 20–21 n. 17, 18. If *Tarver* was applying non-*Ashe* collateral estoppel principles, then it would not have been necessary for *Tarver* to decide that a probation revocation proceeding is "essentially criminal" for double jeopardy purposes. *See Reynolds*, 4 S.W.3d at 20–21 n. 17, 18.

The "efficiency concerns that drive the collateral estoppel policy on the civil side are not nearly as important in criminal cases because criminal cases involve a public interest in the accuracy and justice of criminal results that outweighs the economy concerns that undergird the estoppel doctrine." *Rodriguez,* 11 S.W.3d at 322, quoting *U.S. v. Mollier,* 853 F.2d 1169, 1175–77 (5th Cir.1988) (holding that "nonmutual collateral estoppel has no application in criminal cases"). These public interest concerns apparently underlie this Court's holdings in other contexts that "when a unit of government is exercising its governmental powers, it is not subject to estoppel." *See Reynolds,* 4 S.W.3d at 17 and cases cited.

Finally, when courts find it necessary to "modify" collateral estoppel principles to accommodate "special concerns" in criminal cases, they are actually applying something else which in the final analysis is a rejection of the application of collateral estoppel principles to criminal cases. *See Reynolds,* 4 S.W.3d at 17–18; *Page,* 185 Ill.Dec. 475, 614 N.E.2d at 1167; *Aguilera,* 603 N.Y.S.2d 392, 623 N.E.2d at 522 (simultaneously claiming to apply collateral estoppel principles while also recognizing that they "cannot be applied in quite the same way as in civil cases"). And, when courts state that collateral estoppel principles should be modified into a "one-way" street for the benefit of only those accused of crimes,[10] then one might agree with former Chief Justice Burger that collateral estoppel "is a strange mutant as it is transformed to control" in criminal cases. *See Ashe,* 90 S.Ct. at 1204 (Burger, C.J., dissenting); *Brabson,* 976 S.W.2d at 207 (Price, J., dissenting to denial of reh'g) (making the claim that a decision that collateral estoppel principles "will simply not be used as a bar" in criminal cases is

"far more sound" than current law); *see also Rodriguez,* 11 S.W.3d at 318–24 (collateral estoppel principles should not apply to criminal cases).

## IV.

The district attorney's discretionary review petition also presents the issue of whether there is a "due process basis, independent of the double jeopardy clause, for application of collateral estoppel." There is not. *See Dowling,* 110 S.Ct. at 674–75; *Ashe,* 90 S.Ct. at 1195 (adopting only a double jeopardy rule of collateral estoppel); *Reynolds,* 4 S.W.3d at 19; *Showery v. Samaniego,* 814 F.2d 200, 203–04 (5th Cir.1987).

In this case, I would hold that collateral estoppel principles do not apply to criminal cases beyond *Ashe's* double jeopardy context. I concur only in the Court's judgment.

---

10. *See Reynolds,* 4 S.W.3d at 26 n. 5 (Meyers, J., dissenting).