Opinion Issued June 10, 2004 
















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00194-CR




MIKE J. MALKEMES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 914613




MEMORANDUM OPINION

          A Harris County grand jury issued a true bill of indictment accusing appellant,
Mike J. Malkemes, of the second degree felony offense of manslaughter


 and the
state jail felony of criminally negligent homicide.


 Although the State abandoned the
negligent homicide allegation prior to trial, a jury found appellant guilty of criminally
negligent homicide, and made an affirmative deadly weapon finding. The jury
assessed appellant’s punishment at five years’ confinement and a $10,000 fine.


 With
a recommendation from the jury that appellant be placed on community supervision,
the trial judge suspended the sentence and placed appellant on five years’ community
supervision. In two issues, appellant contends that (1) his prosecution in the instant
case was barred by collateral estoppel, and (2) the trial court erred in refusing to allow
him to present evidence in support of his special plea.


 
Facts
On January 21, 2002, Billy White, James Johnson, and two other friends were
driving after a night of drinking and dancing. After running a red light, appellant
collided with a car occupied by White and Johnson. Both White and Johnson
ultimately died from injuries sustained in the collision. Appellant admitted to officers
that he had been drinking and blood tests revealed that he had a blood alcohol content
of 0.15. 
          On October 17, 2001, a Harris County grand jury issued a true bill of
indictment accusing appellant of the second degree felony offense of intoxication
manslaughter


 in regard to White. However, a jury subsequently found appellant
guilty only of the lesser included offense of driving while intoxicated.


 On June 10,
2002, another Harris County grand jury issued a true bill of indictment accusing
appellant of the offense of manslaughter and criminally negligent homicide in regard
to Johnson, the instant case. Although the State abandoned the negligent homicide
allegation prior to trial, a jury subsequently found appellant guilty of the lesser
included offense of criminally negligent homicide. 
Discussion
          The Court of Criminal Appeals recently held that a defendant may not obtain
appellate review of his collateral estoppel claim if he fails to introduce a record of the
first proceeding in the second proceeding and to include that record on appeal.
Guajardo v. State, 109 S.W.3d 456, 457 (Tex. Crim. App. 2003). It noted that,
“Without the complete record, no reviewing court can determine exactly what specific
facts the first factfinder actually found.” Id. (Emphasis added). Furthermore,
“without that complete record, no reviewing court can address whether collateral
estoppel might apply in a particular context or whether a trial court erred in rejecting
that claim in a specific case.” Id. In reaching its decision, the Court of Criminal
Appeals relied on Ashe v. Swenson, 397 U.S. 436, 444, 90 S. Ct. 1189, 1194 (1970),
and its progeny to conclude that “an appellate court must review the entire
testimonial record in the first proceeding to determine precisely what specific facts
were actually decided and whether the resolution of those facts necessarily forecloses
further proceedings.” Guajardo, 109 S.W.3d at 461 (Emphasis added). 
          Here, appellant has failed to present a sufficient appellate record to support his
collateral estoppel claim. Appellant has brought forth the transcript of his trial in the
Johnson case, but he has failed to bring forth the transcript of his trial in the White
case. Although appellant apparently introduced copies of the transcript from the
White case into evidence in his trial in the Johnson case,


 there is no copy of the
White transcript in our appellate record. The appellate record contains only the
indictment, the charge, the judgment, and the sentence from the White case. 
Accordingly, as noted by the Court of Criminal Appeals, “without that record,
appellant cannot even reach first base” on his collateral estoppel claim. Id. at 462. 
We overrule appellant’s first issue. 
          Additionally, because appellant has not brought forth the transcript from the
former trial, we have an inadequate record before us to determine whether there was
a fact question to be decided by the jury on his special plea. Accordingly, we
overrule appellant’s second issue. 
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.4.