Affirmed and Majority and Dissenting Opinions filed January 12, 2006









Affirmed
and Majority and Dissenting Opinions filed January 12, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00129-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

CORY A. STEVENS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 28,108

 



 

D I S S E N T I N G   O P I N I O N








In this case, the trial judge, based upon
an erroneous reading and application of the law of collateral estoppel, decided
he could not consider anew evidence on a motion to suppress.  The entire record from the proceeding in
Brazoria county, including the judge=s written order,
completely revolve around collateral estoppel. 
Although we may affirm on any ground supported by the record, because
the judge entered conclusions of law and because the record supports no other
legal basis upon which to affirm, I believe we should reverse and remand for a
hearing to determine whether or not the motion should be granted based upon an
evaluation of the evidence presented, not collateral estoppel.  Accordingly, I respectfully dissent.

I.        The
Record Supports Only One Theory

The judge in Brazoria county held two
hearings on the motion to suppress.  At
both, the sole issue was whether or not collateral estoppel precluded his
review of the State=s evidence regarding whether or not the
initial DWI stop in Tom Green County was permissible.  At the second hearingCafter ordering and
reviewing the entire record from Tom Green CountyCthe judge ruled to
suppress all evidence from the DWI stop. 
He did not, however, review the record to determine any historical
facts, make credibility determinations, or in any way evaluate the
evidence.  Rather, he stated on the
record, 

Being quite
specific and quite narrow, all my ruling does is it shows that all the facts
were considered by the Court and pretty clear on the record that all the facts
were considered concerning whether or not there was reasonable suspicion to
stop and - - or probable cause.  Those
issues, all the facts underlying those, were thoroughly litigated and the Court
made - - inferentially it=s clear that he did consider all those
facts and that=s all in my opinion that it foreclosed - -
it=s a rare situation
that you would have all that; but in that situation, the State came up with no
independent - - and it was case determinative. 
It was the ultimate issue of fact in the case.  It wasn=t - - didn=t go to some of
the proof on an issue, but it was the ultimate issue on a key issue without
which you can=t get there from here on a proof of a
DWI.   

At no time did the judge state he personally evaluated
the testimony to determine whether or not the State had, in his own mind,
proved reasonable suspicion.  He simply
believed the Tom Green County judge decided an ultimate fact issue adversely to
the State.  








But, 
the Tom Green County judge entered no findings of fact or conclusions of
law.  Indeed, reading the transcript, one
would have to Ainferentially@ conclude on what
basis the Tom Green County judge based his ruling.  It is unclear whether the Tom Green County
judge ruled based upon a determination of credibility, or whether he believed
the testimony and determined that, as a matter of law, there was no reasonable
suspicion.  Yet the judge in this case
applied collateral estoppel based upon an Aultimate issue of
fact@ when it is
unclear what that ultimate issue of fact is and whether or not the Tom Green
County judge found that fact adversely to the State.

In addition to the hearing transcript, the
judge=s order referenced
only collateral estoppel as a basis for his ruling.  Although he stated he considered the record
from Tom Green County, he emphasized that his only conclusion was the
following:

[T]hat all facts
regarding the unlawful DWI arrest and detention of defendant, Cory A. Stevens,
have been decided by the County Court of Tom Green County, Texas, were fully
adjudicated as to factual findings resulting in Defendant=s arrest, and were
adjudicated in favor of Defendant, and thus, under the doctrine of collateral
estoppel and in accordance with Guajardo v. State[1]
the Motion to Suppress all evidence from Tom Green County should be
GRANTED.   

No other testimony, questioning, or
argument contradicts these statements. 
Stated differently, the record wholly lacks any indication that the
judge in this case made an independent determination of reasonable
suspicion.  He never said that he found
any testimony credible or not credible. 
He never said that he agreed with the Tom Green County judge=s resolution of
the issue.  He simply stated, narrowly
and specifically, that he considered himself bound by the implicit ruling from
the Tom Green County judge.  As such, we
must consider whether or not the judge in this case was correct in considering
himself bound.

II.       The
Judge Erred in His Application of Collateral Estoppel








As an initial matter, I do not believe we
must squarely decide whether or not collateral estoppel may apply in this
context when there is no final judgment and no issue of double jeopardy.  Other courts of appeals in this State have
addressed that question and answered it in the negative.  See State v. Rodriguez, 11 S.W.3d 314
(Tex. App.CEastland 1999); State v. Henry, 25
S.W.3d 260 (Tex. App.CSan Antonio 2000).  At least four judges of the Texas Court of
Criminal Appeals agree with that assessment. 
Guajardo v. State, 109 S.W.3d 456, 462B63, 468B69 (Tex. Crim.
App. 2003) (Meyers, J. and Hervy, J. concurring) (Presiding Judge Keller and
Judge Keasler also joined Judge Hervey=s
concurrence).  However, we need not reach
that question because there is not enough in the Tom Green County record to
support a ruling of collateral estoppel even if it did apply.  

To find collateral estoppel applies, a
trial court must find that the verdict[2]
necessarily was grounded upon an issue which a defendant seeks to
foreclose from litigation.  Guajardo
v. State, 109 S.W.3d at 462 n. 16. 
It is not enough that another court possibly determined an issue
adversely to the State.  Id.  Yet, that is precisely how the judge in this
case based his rulingCon an inference, a possibility.  In this case, the Tom Green County judge
heard all of the evidence, took the matter under advisement, and issued a short
order with no explanation for his reasoning. 
Additionally, during the hearing, he indicated that he might believe the
officer, yet not find that the evidence legally amounted to reasonable
suspicion.  The Tom Green County judge=s determination
could just as easily have been based on a legal determination as a credibility
determination.  Without a clear statement
either in the Tom Green County record or the order, the basis for that ruling is
ambiguous at best.   Collateral estoppel
requires more than an ambiguity, it requires certainty.  This record simply cannot support the trial
judge=s application of
collateral estoppel.








Whether or not collateral estoppel should
apply in the context of a motion to suppress, our result should be the same:
reverse and remand for a new hearing where the judge makes an independent
finding.  Of course, I would not mandate
what evidence he could consider and use to reach his conclusion, but his review
must be independent.  Without any
findings of fact or conclusions of law from Tom Green County, the judge in this
case was correct when he said he was inferring what happened in the other
court.  But inferences are not enoughCthey are mere
possibility.  Collateral estoppel
requires more; it requires the result necessarily to be grounded upon that
issue the defendant seeks to foreclose from litigation.  That standard simply cannot be met here.

Conclusion

Because the record cannot support the
judge=s ruling on
collateral estoppel, or on any other basis, I respectfully dissent.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Majority and Dissenting Opinions filed January 12, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman. (Edelman, J. majority)

Publish
C Tex. R. App. P. 47.2(b).

 

 











[1]  Guajardo v.
State, 109 S.W.3d 456 (Tex. Crim. App. 2003).  





[2]  This is the
term used in the line of cases cited in the Court=s
footnote.  The term is appropriate given
that courts traditionally, as the Henry and Rodriguez courts
explain, apply collateral estoppel to final rulings.