Affirmed and Memorandum Opinion filed February 7, 2006









Affirmed
and Memorandum Opinion filed February 7, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00673-CR

____________

 

EX PARTE TAMISHEA
LANETTE WILLIAMS

 

 

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1006218

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Tamishea Lanette Williams,
appeals from the denial of an application for pretrial writ of habeas corpus on
the grounds that collateral estoppel prohibits her prosecution for capital
murder.  We affirm.








Appellant is charged with murdering the
complainant, Amin Fields, while in the course of committing a robbery.  Shortly after the complainant was killed,
$4999 in cash was found in a hotel room rented by appellant.  The State filed a forfeiture action
requesting forfeiture of the $4999 because the money was contraband as defined
by article 59.01 of the Code of Criminal Procedure.  The notice of seizure and intended forfeiture
alleged appellant was the Aowner and
possessor@ of the money.  A notice of seizure attached to the notice of
intended forfeiture stated the money fell under the definition of contraband
because it was Amade buying and selling drugs.@  Appellant did not contest the forfeiture.

After appellant was indicted for the
capital murder of the complainant, she filed an application for pretrial writ
of habeas corpus in the trial court alleging the doctrine of collateral
estoppel prohibited her prosecution for capital murder.  Appellant alleged that, in the forfeiture
action, the State obtained a judicial determination that appellant was the
owner of the money; therefore, the State cannot prosecute appellant for
attempting to steal the money during the murder of while killing the
complainant.  

The trial court denied appellant=s application and
filed findings of fact and conclusions of law. 
The court determined the parties in the civil forfeiture action were the
same as the parties in the capital murder case. 
The court further found there was no testimonial record or findings of
fact or conclusions of law entered by the trial court in the forfeiture action
to assist the court in determining what facts were determined adversely to the
State by the civil forfeiture.  Other
than a finding that approximately $4999 was contraband, the trial court in the
forfeiture case made no finding as to the owner of the money.  The trial court concluded appellant failed to
prove that the matter to be re-litigated dictated the previous resolution in
the civil forfeiture proceeding. 
Therefore, the trial court found collateral estoppel did not prevent the
State from alleging that $4999 was stolen from the complainant during the
course of a robbery that resulted in his death.

Collateral
Estoppel








Collateral estoppel is the principle that when an issue of
ultimate fact has once been determined by a valid and final judgment, that
issue cannot again be litigated between the same parties.  Ashe v. Swenson, 397 U.S. 436, 90
S.Ct. 1189, 25 L.Ed.2d 469 (1970).  In reviewing a
collateral estoppel claim, we must examine the record of the prior proceeding,
taking into account the pleadings, evidence, charge, and other relevant
matters, to determine whether a rational fact-finder could have grounded its
decision on a fact other than the specific fact the party now claims has been
resolved in her favor.  Guajardo v.
State, 109 S.W.3d 456, 459B60 (Tex. Crim.
App. 2003).  The burden is on the
defendant to demonstrate, by examination of the record in the first proceeding,
that the factual issue she seeks to foreclose was actually decided in the first
proceeding.  Id. at 460.

In reviewing a trial court=s decision to
grant or deny relief on a writ of habeas corpus, we afford almost total
deference to the trial court=s determination of
the historical facts supported by the record, especially when the fact findings
are based on an evaluation of credibility and demeanor.  See Ex parte White, 160 S.W.3d 46, 50
(Tex. Crim. App. 2004).  If the trial
court=s findings,
however, are not supported by the record, we may reject its findings.  Id.

In this case, the record reflects that the
Houston Police Department detective investigating the death of the complainant
determined that the complainant and another person went to appellant=s hotel room for
the purpose of purchasing controlled substances.  The complainant brought $4999 to the hotel
room for this purpose.  The money was
seized as contraband and was described in the forfeiture pleadings as having
been used to buy and sell drugs.  The
assistant district attorney who filed the forfeiture proceeding testified that
the issue of who owned the money was not litigated in the forfeiture
proceeding.  Appellant testified that she
did not contest the forfeiture proceeding because the allegations in the
pleadings were true.








Collateral estoppel precludes a subsequent
prosecution only if the matter to be re-litigated dictated the previous
resolution, and the fact-finder could not have rationally have based its
decision on anan issues other than the issue the defendant seeks to
foreclose.  State v. Nash, 817
S.W.2d 837, 840 (Tex. App.CAmarillo 1991,
pet. ref=d).  The mere possibility that a fact may have
been determined in a former trial or proceeding is insufficient to bar
re-litigation of the same fact in a subsequent proceeding.  Ex parte Watkins, 73 S.W.3d 264, 268
(Tex. Crim. App. 2002).  In this case,
the trial court specifically found the issue of whether appellant owned the
money did not dictate the resolution in the forfeiture proceeding.  Further, the court found the fact-finder in
the forfeiture proceeding could have rationally have based its decision on
forfeiture without determining who owned the money.  The testimonial record and the pleadings in
this case support the trial court=s finding.  Therefore, the trial court did not abuse its
discretion in denying appellant=s application for
writ of habeas corpus.

The judgment of the trial court is
affirmed.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 7, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson. (Yates, J.
concurs in results only).

Do
Not Publish C Tex.
R. App. P. 47.2(b).