

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00015-CR

_____

TERRON PENEVRICK MITCHELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 145th Judicial District Court
Nacogdoches County, Texas
Trial Court No. F1018049

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Following guilty verdicts by a Nacogdoches County[1] jury, Terron Penevrick Mitchell was sentenced to thirty-five years' imprisonment for tampering with physical evidence and to five years' imprisonment following conviction of possession of less than one gram of cocaine. On appeal, Mitchell claims the trial court erred in overruling his motion to suppress the evidence. We affirm the trial court's ruling, because the nonindigent Mitchell has not filed a reporter's record of the suppression hearing, a hearing central to Mitchell's appeal.

"The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1. It is the appealing party's burden to ensure that the record on appeal is sufficient to resolve the issue he or she presents. *Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007); *Guajardo v. State*, 109 S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003).

In the appellate brief written by his retained counsel, Mitchell claimed that he was indigent, although he also had retained counsel during the trial of this case. We abated this appeal so that the trial court could conduct an indigency determination. At the hearing, held June 1, 2011, the trial court took testimony from Mitchell, to the effect that he could afford to continue with hired counsel, and found that Mitchell was not indigent. That determination has not been challenged.

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Further, no reporter's record of the suppression hearing has yet been filed. Without the reporter's record from the hearing, "appellant cannot even reach first base." *Guajardo*, 109 S.W.3d at 462. Without that record, we may not review the merits of Mitchell's claim that the trial court failed to suppress the evidence.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:    November 14, 2011
Date Decided:    November 22, 2011

Do Not Publish