In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00015-CR

                                                ______________________________

 

 

                          TERRON PENEVRICK MITCHELL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 145th
Judicial District Court

                                                       Nacogdoches
County, Texas

                                                         Trial Court
No. F1018049

 

                                                 
                                                 

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Following
guilty verdicts by a Nacogdoches County[1]
jury, Terron Penevrick Mitchell was sentenced to thirty-five years’
imprisonment for tampering with physical evidence and to five years’
imprisonment following conviction of possession of less than one gram of
cocaine.  On appeal, Mitchell claims the
trial court erred in overruling his motion to suppress the evidence.  We affirm the trial court’s ruling, because
the nonindigent Mitchell has not filed a reporter’s record of the suppression
hearing, a hearing central to Mitchell’s appeal.

            “The
appellate record consists of the clerk’s record and, if necessary to the
appeal, the reporter’s record.”  Tex. R. App. P. 34.1.  It is the appealing party’s burden to ensure
that the record on appeal is sufficient to resolve the issue he or she presents.  Amador
v. State, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007); Guajardo v. State, 109 S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003).

            In the
appellate brief written by his retained counsel, Mitchell claimed that he was
indigent, although he also had retained counsel during the trial of this case.  We abated this appeal so that the trial court
could conduct an indigency determination. 
At the hearing, held June 1, 2011, the trial court took testimony from
Mitchell, to the effect that he could afford to continue with hired counsel,
and found that Mitchell was not indigent. 
That determination has not been challenged.

            Further,
no reporter’s record of the suppression hearing has yet been filed.  Without the reporter’s record from the
hearing, “appellant cannot even reach first base.”  Guajardo,
109 S.W.3d at 462.  Without that record,
we may not review the merits of Mitchell’s claim that the trial court failed to
suppress the evidence.

            We affirm
the judgment of the trial court.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          November
14, 2011    

Date Decided:             November
22, 2011

 

Do Not Publish

 

 

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (West 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.