NO. 07-07-0119-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 3, 2008

______________________________

STATE OF TEXAS, 

Appellant

v.

JUAN MANUEL RAMIREZ, 

Appellee

_________________________________

FROM THE COUNTY COURT at LAW NO. 1 OF POTTER COUNTY;

NO. 117860; HON. W. F. “CORKY” ROBERTS, PRESIDING

_______________________________

Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The State of Texas appeals from an order granting the motion of Juan Manuel Ramirez to suppress evidence.
(footnote: 1)  Ramirez had been charged with intentionally, knowingly, or recklessly carrying a handgun.  He believed that the discovery of the gun should be suppressed because the officers lacked probable cause or reasonable suspicion to initially detain him.  We affirm the order of the trial court.

Background

On December 6, 2006, Amarillo police officers Wade Pennington and Kyle Hawley  were seeking to serve an arrest warrant on David Rogers (Rogers).  They traveled  to 1704 South Jackson where they believed that Rogers was staying.  A car with two persons in it was found parked in front of the residence; the officers decided to approach the vehicle and determine whether one of those persons was Rogers.  According to the findings of fact entered by the trial court, Ramirez “made a movement toward the console of his vehicle at or about the time Officer Pennington approached the driver’s side of the vehicle.”  Whether this gesture occurred in response to the actions of Pennington is unknown.  Nor does the record disclose whether Ramirez knew of the officers’ presence when he made the movement.  

Per the same findings, the trial court determined that Ramirez “rolled the window of the vehicle down[,] and . . . Pennington was readily able to determine that . . . Ramirez did not match the physical description of the suspect being sought.”  Upon discovering this, however, the officers did not leave.  Instead, they continued to question Ramirez, eventually removed him from his vehicle, handcuffed him, and placed him in the squad car.  This was done because, according to Pennington, Ramirez acted nervous and used his body to prevent the officer from looking into the car.  Ramirez’ actions caused Pennington to believe that Ramirez was armed, so the officer testified.  Yet, none of the officers’ testimony about Ramirez performing other gestures or acting nervously while the officers communicated with him were incorporated into a finding of fact.  Indeed, they go unmentioned by the trial court, without objection by the State.  

The trial court then found that “[e]ventually, a weapon . . . was recovered from the console area of the vehicle” and that neither Ramirez nor his passenger “consented to the search of the vehicle.”  Consequently, “the totality of the circumstances” led the trial court to conclude that “no reasonable suspicion was present that allowed . . . Ramirez and his passenger to be removed from” the car or that allowed the car “to be searched.”  Nor did Officer Pennington have reasonable suspicion or probable cause to detain Ramirez once the officer determined Ramirez was not the subject of the arrest warrant, the trial court continued.  
    

Standard of Review

We review the trial court’s ruling on a motion to suppress under a bifurcated standard.  
Ford v. State, 
158 S.W.3d 488, 493 (Tex. Crim. App. 2005).  Under that standard, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross, 
32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Included in this ability to assess the credibility of a witness comes the authority to disbelieve both controverted as well as uncontroverted testimony.  
Id.
 at 856-57.  Because of that, we accord great deference to the trial court’s interpretation of historical facts.  
Ford v. State, 
158 S.W.3d at 493.  However, such deference is not afforded to its application or interpretation of the law.  Those decisions can be reviewed 
de novo.  Id.

Application of Standard

As previously mentioned, the trial court executed written findings of fact and conclusions of law and none incorporated the testimony about Ramirez performing furtive gestures or acting nervously once the officers reached his car.  Nor did the State solicit additional findings touching upon that testimony.  Given this, we cannot say that the trial court found the testimony credible.  This in turn, when coupled with our inability to resolve questions of fact, 
Montanez v. State, 
195 S.W.3d 101, 106 (Tex. Crim. App. 2006). precludes us from deeming that testimony credible.  Indeed, because it was tendered to the trial court as basis for upholding the detention and the trial court nevertheless concluded that the officers lacked both reasonable suspicion and probable cause to stop Ramirez, one could legitimately theorize that the testimony was not believed.  And, because one could so theorize, we cannot discount it as a basis for the trial court’s ultimate decision, especially when the findings of fact and conclusions of law are silent on the matter.  
State v. Ross
, 32 S.W.3d at 858 (rejecting the argument that uncontroverted evidence sufficient to illustrate probable cause should be believed 
when the trial court fails to indicate that it discredited the evidence).  And, therein lies the problem here.

The only evidence which the trial court indicated that it believed by including it in a fact finding encompassed 1) appellant being parked in the driveway of a house wherein the subject of an arrest warrant lived, 2) appellant was Hispanic while the subject of the warrant was white, 3) the officers were “curious” about the driver of the car though they had no information that the subject they sought drove a similar car, 4) an officer realized that Ramirez was not the person they sought, 5) appellant moved towards the console of his car around the time an officer approached the vehicle, 6) a gun was recovered from the console, 7) neither appellant nor his female passenger consented to the search, and 8) the events occurred during the daytime at 12:30 p.m.  Whether appellant was aware that the police had arrived when he moved towards the center console is unknown.  This is of import because if he did not, then the act would hardly suggest that he was reacting to the officers’ presence or either hiding or acquiring a weapon in response to their presence.  And, the absence of such evidence may well have been a factor in the trial court’s decision.  Nor is there evidence of the scene being within a high crime area.  

It may well be that the trial court decided that two people being in a car parked on a driveway during the lunch hour while one moves towards a center console connotes neither criminality being afoot nor the presence of weapons.  And, that would be a decision with which we could not disagree given 
Canales v. State
, 221 S.W.3d 194 (Tex. App.–Houston [1
st
 Dist.] 2006, no pet.).  In 
Canales
, the appellate court held that an officer seeing  someone parked outside a convenience store for several minutes in the wee hours of the morning and who then placed his hand between the driver’s seat and center console were not enough to warrant a temporary detention and search of the suspect.  
Id. 
at 200-04.  If such circumstances were not enough in 
Canales
, those before us also fall short of vesting the officers with probable cause to detain and search for weapons.  And, without that, the police had no basis to temporarily detain appellant or search for weapons.

We note that while this court may have viewed the evidence differently had it been the trier of fact, that is of no consequence.  The trial court has the authority to weigh the evidence and decide who to believe.  We do not, and, therefore, cannot consider the evidentiary record 
de novo
.  So, because the trial court’s fact findings are akin to a jury’s verdict and entitled to deference, 
see In re M.W.
, 959 S.W.2d 661, 664 (Tex. App.–Tyler 1997, writ denied) (stating that findings of fact in a case tried by the court have the same force and dignity as a jury’s verdict), and the trial court had the authority to disbelieve the officers, we affirm its order granting the motion to suppress.    

Brian Quinn

         Chief Justice

Publish.

FOOTNOTES
1:
While the State filed an appellate brief, the same is not true of the appellee.