NO. 07-08-0073-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 13, 2009
______________________________

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

1998 TOYOTA LAND CRUISER, OKLAHOMA TAG CMN-633 
VIN JT3HT05J9W0007179, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 58,915-A; HON. HAL MINER, PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â The State appeals from the trial courtâs denial of its motion to forfeit the 1998 Toyota
Land Cruiser of Cole Austin Donelson. We agree, reverse, and remand.
Â Â Â Â Â Â Â Â Â Â Background
Â Â Â Â Â Â Â Â Â Â The Land Cruiser was seized after Donelson was found selling marijuana from it. 
Donelson sought to recover the vehicle. At issue was the propriety of the detention that
resulted in his arrest. 
Â Â Â Â Â Â Â Â Â Â In permitting Donelson to recover the Cruiser, the trial court determined, via written
conclusions of law, that the interaction between the arresting officer and Donelson was not
a consensual encounter but rather an âinvestigative stop.â â[T]here were no[] articulable
facts sufficient to give rise to a rational inference that a crime was being committed,â the
court continued. Thus, the âinvestigative detention . . . amounted to an illegal stop lacking
in sufficient articulable facts or probable cause.â Moreover, the smelling of marijuana by
an officer occurred âafter the illegal investigative detention[,] and probable cause . . . cannot
be based on facts discovered after the illegal detention.â So, because the detention was
illegal, the State lacked basis to forfeit the vehicle.


 We have been asked by the State to
review this decision.
Â Â Â Â Â Â Â Â Â Â Law and Its Application
Â Â Â Â Â Â Â Â Â Â Whether the trial courtâs decision regarding the nature of the detention is sound
depends upon whether it abused its discretion. According to the Texas Supreme Court,
we determine this by applying the standard of review developed by the Court of Criminal
Appeals in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). State v. $217,590.00
in U.S. Currency, 18 S.W.3d 631, 634 n.3 (Tex. 2000). Under that standard, great
deference is accorded the trial courtâs interpretation of historical facts. Ford v. State, 158
S.W.3d 488, 493 (Tex. Crim. App. 2005), Guzman v. State, 955 S.W.2d at 87. This is so
because the trial court has the sole authority to assess the credibility of the witnesses;
simply put, it may choose who to believe. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000); State v. Ramirez, 246 S.W.3d 287, 289 (Tex. App.âAmarillo 2008, no pet.). 
However, like deference is not afforded the trial courtâs application of law to the facts or its
interpretation of the law. Ford v. State, 158 S.W.3d at 493. Those matters are reviewed
de novo. Id.; Guzman v. State, 955 S.W.2d at 87.
Â Â Â Â Â Â Â Â Â Â Next, in support of the legal conclusions listed above, the trial court entered the
following findings of fact: 
Â Â Â Â Â Â Â Â Â Â 5. Â Â Â Â Â On May 11, 2007, Capt. Roger Short of the Randall County Sheriffâs Office
was working the Sober program in an unmarked vehicle watching for alcohol
violations and other offenses in the area of Paramount Street and South
Western.
Â 
Â Â Â Â Â Â Â Â Â Â 6.Â Â Â Â Â Â Â At approximately 10:40 p.m. . . . Short, while parked, observed a blue pick-up
in the Mr. Gattis pizza parking lot.[


] The driver, later identified as Cooper
Mark Hurst W/M 08-14-89, was sitting in the pick-up alone. As Short was
watching, another vehicle, (a green 1998 Toyota Land Cruiser . . .), drove up
next to the blue pick-up. Hurst got out of his pick-up and got into the . . .
Land Cruiser. Capt. Short could see into the vehicle and saw the driver of
the Toyota reach into the back seat of the vehicle and grab a camouflage
back pack. Short could see Donelson [who was driving the Land Cruiser]
retrieving items from the back pack. Short observed that Donelson would
reach back and forth with his right hand from the back seat area and place
something on the center console.[


] Short radioed several other officers who
were in the area of the possible drug transaction. Short advised two
uniformed officers to make contact with [the] occupants.Â 
Â 
Â Â Â Â Â Â Â Â Â Â 7.Â Â Â Â Â Â Â Deputy Bushef parked his patrol unit behind the Land Cruiser while Lt.
Sheets parked his patrol unit in a position behind the cruiser. Captain Shortâs
vehicle was in front and to the side of the Land Cruiser. Simultaneously the
officers approached the vehicle on each side, knocked on the window and
ordered occupants [sic] to roll down his window. The Deputy claims to have
smelled an odor of marijuana. He removed the passenger and did a pat
down search. Later the officer searched the vehicle finding marijuana under
four . . . ounces. 
Â 
Â Â Â Â Â Â Â Â Â Â 8.Â Â Â Â Â Â Â Neither party consented to the search.
Â 
Â Â Â Â Â Â Â Â Â Â 9.Â Â Â Â Â Â Â Captain Short never observed any illegal activity or illegal substance prior to
ordering the two Deputies to make contact with the occupants.Â 

These findings depict a situation wherein a peace officer, charged with watching for alcohol
related violations and other criminal offenses, saw Hurst sitting alone in a parked car at
10:40 at night waiting for Donelson. The officer also saw 1) Donelson arrive in the Land
Cruiser and park next to Hurst, 2) Hurst leave his vehicle and enter that of Donelsonâs, 3)
Donelson secure a backpack from the rear of his car, and 4) Donelson repeatedly remove
items from the backpack and place them on the center console of the vehicle. Assuming
arguendo that these circumstances were insufficient to create probable cause to believe
a crime was in progress, they nevertheless were unusual given the time and place. And,
to an officer charged with conducting surveillance in the area for alcohol related and other
offenses, they were reminiscent of those performed in a drug transaction. Given that, Short
had reasonable suspicion to believe criminal activity was afoot. See Hall v. State, 74
S.W.3d 521, 525 (Tex. App.âAmarillo 2002, no pet.) (defining reasonable suspicion as the
presence of articulable facts which, when combined with rational inferences therefrom,
would allow an officer to reasonably suspect that a particular person has engaged, or is or
soon will be engaging, in criminal activity); State v. Jennings, 958 S.W.2d 930, 933 (Tex.
App.âAmarillo 1997, no pet.) (stating that reasonable suspicion arises when the
circumstances depict the occurrence of unusual activity, the existence of a nexus between
the detainee and the activity, and the likeness of the unusual activity to a crime). 
Â Â Â Â Â Â Â Â Â Â That Short did not specifically see any contraband or illegal activity matters not for
innocent activity may itself give rise to reasonable suspicion. Woods v. State, 956 S.W.2d
33, 38-39 (Tex. Crim. App. 1997). Indeed, the totality of the circumstances are
determinative, State v. Garcia-Cantu, 253 S.W.3d 236, 244 (Tex. Crim. App. 2008); State
v. Jennings, supra, even those which when viewed independently of each other could be
indicative of innocent action. As stated in Woods, the possibility of an innocent explanation
does not deprive the officer of the capacity to entertain reasonable suspicion of criminal
activity. Woods v. State, 956 S.W.2d at 37. It is âthe principal function of [the officerâs]
investigation . . . to resolve that very ambiguity and establish whether the activity is in fact
legal or illegal.â Id. And, to facilitate that determination, the officer has the authority to
temporarily detain those engaged in the conduct. Johnson v. State, 912 S.W.2d 227, 235
(Tex. Crim. App. 1995). And, once the officer witnessing the activity gathers facts sufficient
to create reasonable suspicion, we know of nothing that prohibits him from having other law
enforcement personnel undertake the investigation. Short had and did as much here. 
Thus, the officers were allowed to temporarily detain Donelson and Hurst by parking behind
them to investigate whether criminal activity was occurring. 
Â Â Â Â Â Â Â Â Â Â Additionally, approaching the Land Cruiser and directing Donelson to lower his
window was activity well within the range of permissible conduct once reasonable suspicion
to investigate arose; indeed, making contact with the detainee is often the best way to
secure information needed to resolve the ambiguity mentioned in Woods. Once Donelson
lowered his window and the officer purported to smell marijuana, probable cause arose to
believe a crime was occurring within the vehicle, and we so hold as a matter of law. In
concluding otherwise the trial court erred, which error lead to improperly denying the
application for forfeiture.


 
Â Â Â Â Â Â Â Â Â Â Again, we note that a trial court may well opt to disbelieve the testimony of any
witness, whether controverted or not. State v. Ramirez, 246 S.W.3d at 289. Yet, that
truism has little importance here since our decision is founded upon the facts which the trial
court found to exist. So, we are not engaging in any effort to re-weigh the evidence or
resolve credibility issues. Instead, we merely applied the law to the facts, which we may
do de novo. Guzman v. State, 955 S.W.2d at 89. Â 
Â Â Â Â Â Â Â Â Â Â Accordingly, we reverse the judgment of the trial court and remand the proceeding.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Hancock, J., dissents.





n-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:7;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoHeading8, li.MsoHeading8, div.MsoHeading8
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 8 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:8;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
p.MsoHeading9, li.MsoHeading9, div.MsoHeading9
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 9 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:9;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoCaption, li.MsoCaption, div.MsoCaption
 {mso-style-noshow:yes;
 mso-style-priority:35;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 mso-pagination:widow-orphan;
 font-size:9.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.MsoFootnoteReference
 {mso-style-noshow:yes;
 mso-style-priority:99;
 vertical-align:super;}
p.MsoTitle, li.MsoTitle, div.MsoTitle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpFirst, li.MsoTitleCxSpFirst, div.MsoTitleCxSpFirst
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpMiddle, li.MsoTitleCxSpMiddle, div.MsoTitleCxSpMiddle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 font-family:"Calibri","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-11-0294.cv%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-11-0294.cv%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-11-0294.cv%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-11-0294.cv%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-11-0294.cv%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-11-00294-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



AUGUST
15, 2011

Â 



Â 

IN RE LAKEITH AMIR-SHARIF, RELATOR



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Relator Lakeith
Amir-Sharif, an indigent inmate proceeding pro
se, has filed a petition for writ of mandamus complaining that respondents
the Honorable Edward L. Self, judge of the 242nd Judicial District Court, and
Ms. Brenda Hudson, District Clerk of Swisher County, wrongly caused his name to
be added to the list of vexatious litigants maintained by the Texas Office of
Court Administration.[1]  He seeks an order of this court compelling
respondents to Ârescind the erroneous submission.ÂÂ  We will dismiss the petition as to Ms. Hudson
for want of jurisdiction and deny the petition as to Judge Self.Â  

Analysis

The
District ClerkÂ  

A court of appeals has no
jurisdiction to issue a writ of mandamus against a district clerk unless
necessary to enforce its jurisdiction.Â  In re Coronado, 980 S.W.2d 691, 692 (Tex.App.--San Antonio 1998, orig. proceeding) (per curiam); Tex. GovÂt Code Ann. Â§
22.221(a),(b) (West 2004).Â  Relator has not
shown that a writ of mandamus directed to the district clerk is necessary to
enforce our jurisdiction.Â  We therefore
lack jurisdiction to issue the writ of mandamus relator
seeks against the district clerk, Ms. Hudson.

The District JudgeÂ  

In his petition, relator
presents a detailed factual narrative on which his claim for mandamus relief
depends.Â  However, he did not certify
that every factual statement in his petition is supported by competent evidence
included in the appendix or record as required by Rule of Appellate Procedure
52.3(j).Â  Tex. R. App.
P. 52.3(j).Â  Indeed, relator did not file a proper mandamus appendix and
record.Â  Tex. R. App. P. 52.3(k)(1) (appendix), 52.7 (record); see In re Butler, 270
S.W.3d 757 (Tex.App.--Dallas 2008, orig. proceeding)
(discussing required certification and form for appendix and record).Â  Instead, attached to relatorÂs
petition are two documents pertaining to a Dallas County case number.Â  Neither is certified or sworn.Â  Without regard to the merits of relatorÂs petition, his failure to provide an appendix or
record supporting his entitlement to the relief he requests would require us to
deny his petition.

Moreover, as noted, the two documents
attached to relatorÂs petition refer to a Dallas
County court proceeding, not one occurring in Swisher County.Â  One of the documents is a copy of the Office
of Court AdministrationÂs list of vexatious litigants subject to prefiling orders, containing relatorÂs
name.Â  The list states a prefiling order was issued against relator
in the Dallas County proceeding.Â  Amir-Sharif v. Quick Trip
Corp., et al., No. DC-09-13818 (101st Dist. Ct., Dallas County, Tex.
Nov. 12, 2009).Â  The second document
appended to relatorÂs petition is a copy of the
mandate issued by the Fifth Court of Appeals, regarding its reversal of the
judgment of the Dallas County trial court.Â 
Amir-Sharif v.
Quick Trip Corp., No. 05-09-1497-CV, 2011 Tex. App. Lexis 2708 (Tex.App.--Dallas Apr. 12, 2011, no pet.).Â  Neither of those documents suggests relatorÂs inclusion on the vexatious litigant prefiling order list resulted from any action of Judge
Self.[2]Â  Not only does the record relator
submits fail to support issuance of mandamus relief, it fails to show that
Judge Self has committed any abuse of discretion to the detriment of relator.Â  

Conclusion

For the reasons stated, relatorÂs petition for writ of mandamus is dismissed as to
Ms. Hudson for want of jurisdiction and denied as to Judge Self.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Â 











[1] See Tex.
Civ. Prac. & Rem. Code Ann. Â§
11.104(a) (West 2002).





[2] On our own motion, we take judicial notice of the
contents of this courtÂs file in relatorÂs recent
appeal of an action in the 242nd District Court, Swisher County. Amir-Sharif v. Zeller,
No. 07-10-0244-CV, 2011 Tex. App. Lexis 1459 (Tex.App--Amarillo
Feb. 28, 2011, pet. denied). Â Nothing in that file suggests any action of
Judge Self or the District Clerk of Swisher County caused relatorÂs
name to appear on the prefiling order list maintained
by the Office of Court Administration.Â 
The clerkÂs record of that Swisher County proceeding does not contain a prefiling order issued by the 242nd District
Court.