NO. 07-08-0313-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 4, 2009
_____

THE STATE OF TEXAS, APPELLANT

V.

LEE ANN LOVINGTON, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,854-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

_____MEMORANDUM OPINION

The State of Texas appeals the trial court's ruling granting appellee's motion to suppress. We reverse and remand to the trial court for further proceedings consistent with this judgment.

Background

On December 5, 2006, Amarillo police officers were attempting to execute an arrest warrant. In their search for the suspect, two police officers, Marshall Wade Pennington

and Kyle Hawley saw a car parked near the apartment complex of the suspect's girlfriend and went to speak to the two individuals in the car. The two individuals were Juan Daniel Ramirez, the driver, and appellee, Lee Ann Lovington, the passenger. As Pennington and Hawley neared the car, Pennington noticed Ramirez "messing around" in the center console. As Pennington arrived at the car, Ramirez rolled down the window and positioned himself, according to Pennington, to obstruct Pennington's view into the car. At this time, Pennington realized that neither occupant was the person subject to the arrest warrant.

As Pennington continued speaking with him, Ramirez switched his position again and moved his leg, according to Pennington, as to hide something between the seat and console. Pennington asked the driver for ID and, when Ramirez could not produce any ID, asked Ramirez to step out of the car. As Ramirez stepped out, appellee laid a newspaper over the console area. After Pennington handcuffed Ramirez for safety purposes, Pennington had Hawley take Ramirez to the patrol car. Pennington stayed at the car and removed the newspaper that appellee laid out and saw a handgun between the seat and console area. Concurrent with Pennington's observation, as Hawley took Ramirez to the patrol car, Hawley asked Ramirez if there was anything illegal in the car. Ramirez responded, "a gun." Upon learning that a gun was located in the vehicle, Hawley placed Ramirez in the patrol car and returned to the vehicle to search it, including appellee's purse located on the floorboard of the passenger side. Hawley "frisked" the purse for weapons but instead found a set of scales. After asking appellee if he could continue to search the purse, appellee answered yes and further directed Hawley to "stuff in the black bag." Inside the purse, Hawley found a black bag containing marijuana and methamphetamine.

2

Ramirez was arrested for unlawfully carrying a weapon and appellee was arrested for possession of methamphetamine.

At a suppression hearing, appellee contended that the trial court in this case was collaterally estopped from admitting the evidence of the methamphetamine because another trial court had held that the detention of Ramirez and subsequent search of the vehicle was illegal and had suppressed the evidence. See State v. Ramirez, 246 S.W.3d 287 (Tex.App.–Amarillo 2008, no pet.). After hearing testimony on the issue, the trial court ruled that the State was estopped from maintaining the lawfulness of the search and seizure and suppressed the evidence seized during the search of Lovington's purse. In its findings of fact and conclusions of law, the trial court concluded that "[b]y operation of either the 'law of the case' or estoppel doctrines, this Court concludes that the officers' continued detention . . . was unlawful." Appealing the trial court's suppression of the evidence, the State contends that the trial court abused its discretion in suppressing the evidence in light of the trial court's own findings of fact and conclusions of law. We agree.

Collateral estoppel applies when an issue of ultimate fact has been determined by a valid and final judgment and that issue cannot again be litigated between the same parties. See Murphy v. State, 239 S.W.3d 791, 794 (Tex.Crim.App. 2007). Collateral estoppel deals only with specific factual determinations, not legal claims or legal conclusions. Guajardo v. State, 109 S.W.3d 456, 460 (Tex.Crim.App. 2003). When the sole witness at the motion to suppress hearing is the arresting officer and the trial court files findings of fact and conclusions of law, the only question before us is whether the trial court properly applied the law to the facts it found. See Ballman v. State, 157 S.W.3d 65,

3

69 (Tex.App.–Fort Worth 2004, pet. ref'd). Because the trial court entered findings of fact and conclusions of law and because the trial court accepted virtually all of the officers' testimony, we must give that court almost total deference in reviewing those historical facts found but review *de novo* the application of the law to those facts. See id.

In this case, we note that the findings of fact and conclusions of law made by the trial court demonstrate that the trial court believed that

> [t]he Seventh Court of Appeals upheld [a previous] court's order suppressing evidence seized from Ramirez . . . . Established, then, is the 'law of the case' that the seizure of evidence respecting both defendants in the companion cases was unlawful. The State is estopped from here maintaining the lawfulness of the search and seizure.

However, collateral estoppel does not apply because the parties differ in the companion case. In the previous case, Ramirez was the person contesting the legality of the continued detention. See Ramirez, 246 S.W.3d at 289. In this case, Lovington is the party seeking to have the evidence suppressed. Furthermore, the determination of whether the officer had reasonable suspicion to continue the encounter after Pennington discovered that neither Ramirez or appellee were the subject of the arrest warrant is a legal conclusion and, thus, not subject to collateral estoppel. See Guajardo, 109 S.W.3d at 460. Thus, the factual determinations made by the previous trial court in Ramirez apply only to that case. Id. We hold that the trial court erred in ultimately concluding that the State was estopped from maintaining the lawfulness of the search and seizure.

## Conclusion

For the foregoing reasons, we reverse the trial court's order granting appellee's motion to suppress and remand to the trial court for further proceedings consistent with this opinion.

Mackey K. Hancock
Justice

Do not publish.

Quinn, C.J., dissenting.