ACCEPTED
13-15-00198-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/14/2015 8:28:12 AM
DORIAN RAMIREZ
CLERK

## #13-15-00198-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/14/2015 8:28:12 AM
DORIAN E. RAMIREZ
Clerk

Thirteenth Court of Appeals, Corpus Christi & Edinburg

**THE STATE OF TEXAS**,

Appellant

v.

**ANDREW BERNWANGER**,

Appellee

ON STATE'S APPEAL FROM THE COUNTY COURT AT LAW NO. 1
OF NUECES COUNTY, CAUSE #12-CR-0438-1

# STATE'S BRIEF

A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**    The State of Texas, District Attorney for the 105th Judicial District, represented by

Appellate counsel:

      A. Cliff Gordon, Asst. Dist. Atty.
      Nueces County Courthouse
      901 Leopard St., Rm. 206
      Corpus Christi, TX 78401

Trial and appellate counsel:

      Mark Skurka, District Attorney
      Dulce Salazar Valle, Asst. Dist. Atty.
      Nueces County Courthouse
      901 Leopard St., Rm. 206
      Corpus Christi, TX 78401

**Appellee:**    Andrew Bernwanger, represented by

Trial and Appellate Counsel:

      Robert C. Pate Jr.
      321 Flores
      San Antonio, TX 784204

Initial Trial Counsel:

      Les Cassidy
      814 Leopard St.
      Corpus Christi, TX 78401

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................ii

INDEX OF AUTHORITIES................................................................. v

STATEMENT OF THE CASE....................................................................vii

ISSUE PRESENTED ........................................................................viii

In connection with the traffic stop leading to his DWI arrest, Defendant Bernwanger received two traffic citations. Upon acquittal on those traffic violations, Bernwanger moved to suppress on the ground that acquittal foreclosed the State from "relitigating" reasonable suspicion for the traffic stop. Did the trial court properly grant Bernwanger's motion to suppress on the sole ground of collateral estoppel? .........................viii

STATEMENT OF FACTS.....................................................................1

SUMMARY OF THE ARGUMENT....................................................................2

ARGUMENT...................................................................................4

The trial court erred when it granted Bernwanger's motion to suppress based on the defensive issue of collateral estoppel ..............4

    A. Legal Standards .................................................................4

        1. Suppression Rulings .................................................................4

        2. Reasonable suspicion for a traffic stop......................................5

        3. Collateral Estoppel.................................................................7

    B. Bernwanger did not meet his burden to show that the State was collaterally estopped to litigate reasonable suspicion to stop him .......................................................................10

        1. Bernwanger failed to provide a record of the municipal court trial ................................................................10

2. The municipal court proceeding determined different facts and imposed a higher burden of proof on the State than the suppression motion ........................................................11

3. Bernwanger failed to show that reasonable suspicion would be lacking absent the traffic infractions........................11

PRAYER...............................................................................................................13

CERTIFICATE OF COMPLIANCE ..................................................................13

CERTIFICATE OF SERVICE ............................................................................14

# INDEX OF AUTHORITIES

**Cases**

Ashe v. Swenson, 397 U.S. 436 (1970) ...................................................8

Berkemer v. McCarty, 468 U.S. 420 (1984)...........................................5

Crittenden v. State, 899 S.W.2d 668 (Tex. Crim. App. 1995)..............6

Derichsweiler v. State, 348 S.W.3d 906 (Tex. Crim. App. 2011) .................5, 12

Dowling v. United States, 493 U.S. 342 (1990) ...................................... 9, 10, 11

Drago v. State, 553 S.W.2d 375 (Tex. Crim. App. 1977)..............................6, 11

Garcia v. State, No. 13-10-00626-CR, 2012 WL 914953 (Tex. App.—
   Corpus Christi Mar. 15, 2012, no pet.) ..........................................7

Granados v. State, 85 S.W.3d 217 (Tex. Crim. App. 2002) ...............................5

Griffin v. State, 765 S.W.2d 422 (Tex. Crim. App. 1989)....................................7

Guajardo v. State, 109 S.W.3d 456 (Tex. Crim. App. 2003) ..........................8, 10

McVickers v. State, 874 S.W.2d 682 (Tex. Crim. App. 1993)............................5

Michigan v. DeFillippo, 443 U.S. 31 (1979)........................................................7

Power v. State, No. 13-05-693-CR, 2006 WL 2516525 (Tex. App.—
   Corpus Christi July 27, 2006, no pet.) ...........................................6

Scardino v. State, 294 S.W.3d 401 (Tex. App.—Corpus Christi 2009, no
   pet.) ...................................................................................................5

State v. Kelly, 204 S.W.3d 808 (Tex. Crim. App. 2006) ...................................4

State v. Kerwick, 393 S.W.3d 270 (Tex. Crim. App. 2013)..............................4

Texas Dep't of Pub. Safety v. Celedon, No. 13-01-557-CV, 2002 WL
   34230967, (Tex. App.—Corpus Christi Aug. 29, 2002, no pet.).............6

Valencia v. State, 820 S.W.2d 397 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd) ....................................................................................6

York v. State, 342 S.W.3d 528 (Tex. Crim. App. 2011) ........................ 7, 8, 9, 11

# STATEMENT OF THE CASE

| | |
|---|---|
| Nature of the Case | On January 24, 2012, the State, by Information, charged Defendant Bernwanger with Driving While Intoxicated.  CR 5. |
| Course of Proceedings | On February 14, 2014, Bernwanger filed a boilerplate motion to suppress.  CR 41.  On March 9, 2015, the trial court called the case for a pretrial hearing and stated that it only had time to hear the collateral estoppel issue orally urged by Bernwanger in support of suppression.  RR 4-6. |
| Trial Court's Disposition | On March 9, 2015, the trial court signed Trial Court's Order Granting the Claim of Collateral Estoppel. CR 70. |

## ISSUE PRESENTED

In connection with the traffic stop leading to his DWI arrest, Defendant Bernwanger received two traffic citations. Upon acquittal on those traffic violations, Bernwanger moved to suppress on the ground that acquittal foreclosed the State from "relitigating" reasonable suspicion for the traffic stop. Did the trial court properly grant Bernwanger's motion to suppress on the sole ground of collateral estoppel?

## STATEMENT OF FACTS

On January 24, 2012, the State, by Information, charged Defendant Bernwanger with Driving While Intoxicated. CR 5. The Magistrate's Commitment Order shows that, in addition to DWI, Bernwanger was also arrested for "failure to stop/yield sign" and "drove wrong way." CR 8.

On February 14, 2014, Bernwanger filed a boilerplate motion to suppress, to which the State objected. CR 41, 44. On March 9, 2015, the trial court called the case for a pretrial hearing and stated that it only had time to hear the collateral estoppel issue orally urged by Bernwanger in support of suppression. RR 4-6.

Specifically, Bernwanger argued that, because he was acquitted of the traffic offenses[1] supporting reasonable suspicion for the traffic stop, collateral estoppel precluded the State from litigating reasonable suspicion for the stop. RR 4. While conceding he lacked the record of the traffic trial, Bernwanger argued that any "bad driving facts" beyond the infractions

---

[1] Bernwanger did not offer, and the Court did not admit, any municipal court judgments in evidence. However, the State did not contest in the trial court that Bernwanger had been acquitted of the traffic offenses relating to the DWI stop. Nor will the State contest such acquittals on appeal. The acquittals are irrelevant to reasonable suspicion.

charged were discussed at that trial.  RR 9.  The State argued that a judgment that Bernwanger was not proven beyond a reasonable doubt to have committed the traffic violations charged did not collaterally estop the State from showing the lesser standard of reasonable suspicion based on the totality of the circumstances, which was not limited to the traffic violations.  RR 14-16.

On March 9, 2015, the trial court signed Trial Court's Order Granting the Claim of Collateral Estoppel. CR 70.

## SUMMARY OF THE ARGUMENT

Bernwanger introduced no evidence to support of his claim of collateral estoppel.  The only "evidence" before the trial court was the State's concession that Bernwanger was acquitted of traffic citations he received in connection with his DWI arrest.  The trial judge granted Bernwanger's motion to suppress upon concluding that those acquittals collaterally estopped the State from litigating reasonable suspicion to detain him in this DWI prosecution.  This legal conclusion is erroneous,

conflicts with decisions of the Court of Criminal Appeals and the United States Supreme Court, and should be reversed.

Acquittal establishes only that the State failed to prove, beyond a reasonable doubt, that the charged violations actually occurred. No finding has addressed reasonable suspicion, by a preponderance of the evidence, of the cited infractions. Of equal import, the traffic citations, by themselves, represent only the subjective beliefs of the officer, which are irrelevant to a court's determination of reasonable suspicion.

In sum, Bernwanger fail to prove a prior finding that could estop the State from litigating reasonable suspicion to stop him. He also failed to prove that the facts determined by acquittal encompassed all of the articulable facts that could have supported reasonable suspicion for the traffic stop. The trial court erred when it granted Bernwanger's motion to suppress on the sole ground of collateral estoppel.

## ARGUMENT

**The trial court erred when it granted Bernwanger's motion to suppress based on the defensive issue of collateral estoppel.**

### A.    Legal Standards

#### 1.    Suppression Rulings

In reviewing a trial court's ruling on a motion to suppress, appellate courts employ a bifurcated standard, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a *de novo* standard of review to pure questions of law and mixed questions that do not depend on credibility determinations.  *E.g.*, *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013).  When a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings.  *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  "Whether the facts known to the officer at the time of the detention amount to reasonable suspicion is a mixed question of law that is reviewed *de novo* on appeal."  *Kerwick*, 393 S.W.3d at 273.

**2. Reasonable suspicion for a traffic stop[2]**

A police officer has reasonable suspicion for a detention if he has specific, articulable facts that, when combined with rational inferences from those facts, would lead the officer to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). This standard is an objective one that disregards the subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. *Ibid.*

It is generally accepted that law enforcement officers may lawfully stop a motorist who commits a traffic violation. *McVickers v. State*, 874 S.W.2d 682, 664 (Tex. Crim. App. 1993), *superseded by statute on other grounds as stated in Granados v. State*, 85 S.W.3d 217, 227-30 (Tex. Crim. App. 2002); *see also Power v. State*, No. 13-05-693-CR, 2006 WL 2516525, at *2 (Tex.

---

[2] "A warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion." *Scardino v. State*, 294 S.W.3d 401, 405 (Tex. App.—Corpus Christi 2009, no pet.) (citing *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984)).

App.—Corpus Christi July 27, 2006, no pet.) (citing *McVickers*; not designated for publication). In stopping vehicles for an investigative detention based on a traffic violation, the State need not prove that the detainee actually committed a traffic violation. *Drago v. State*, 553 S.W.2d 375, 377 (Tex. Crim. App. 1977). Reasonable suspicion to believe that a violation occurred or is occurring will suffice. *Ibid.*; *Valencia v. State*, 820 S.W.2d 397, 400 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd); *see also Texas Dep't of Pub. Safety v. Celedon*, No. 13-01-557-CV, 2002 WL 34230967, at *3 (Tex. App.—Corpus Christi Aug. 29, 2002, no pet.) (citing *Valencia*; not designated for publication). Reasonable suspicion for a traffic stop may exist in the absence of a suspected traffic violation. *Crittenden v. State*, 899 S.W.2d 668, 672 n.5 (Tex. Crim. App. 1995) ("An officer with reasonable suspicion or probable cause to suspect criminal activity is afoot does not need the additional justification of a traffic violation to make a lawful investigative detention.").

In a motion to suppress setting, the propriety of an arrest or detention need not be proven beyond a reasonable doubt. The State's

6

standard of proof in establishing reasonable suspicion is the one that applies to most constitutional suppression issues: preponderance of the evidence. *York v. State,* 342 S.W.3d 528, 543 (Tex. Crim. App. 2011) (citing *Griffin v. State,* 765 S.W.2d 422, 429–30 (Tex. Crim. App. 1989) (applying preponderance of the evidence standard of proof)); *see also Garcia v. State*, No. 13-10-00626-CR, 2012 WL 914953, at *2 n.2 (Tex. App.—Corpus Christi Mar. 15, 2012, no pet.) (citing *York*; not designated for publication).

Reasonable suspicion to detain or probable cause to arrest for an offense remains unaffected by a subsequent acquittal on that offense—

> The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest. We have made clear that the kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest.

*Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

### 3. Collateral estoppel

In the criminal context, collateral estoppel has two potential bases. The first, so-called constitutional collateral estoppel, applies collateral

estoppel to end a prosecution that would subject the accused to Double Jeopardy.[3] *Ashe v. Swenson*, 397 U.S. 436, 446-47 (1970). The second, often referred to simply as issue preclusion, prevents the relitigation of a finding previously determined against a party.[4]

Collateral estoppel deals only with specific factual determinations, not legal claims or legal conclusions. *Guajardo v. State*, 109 S.W.3d 456, 460 (Tex. Crim. App. 2003). The burden is on the defendant to demonstrate, by examination of the record of the first proceeding, that the factual issue he seeks to foreclose was actually decided in the first proceeding. *Ibid.* Without the record from the first proceeding, a collateral estoppel defense must fail. *See id.* at 457 ("Without the complete record, no reviewing court can determine exactly what specific facts the first factfinder actually found.

---

[3] Constitutional collateral estoppel is not at issue here, where Bernwanger has made no such claim, and the suppression matters involve no ultimate issue of fact in this DWI case. *York*, 342 S.W.3d at 552 ("[W]here a defendant seeks to bar the relitigation of suppression issues on the basis of double jeopardy . . . the State is not barred by the Double Jeopardy Clause from relitigating a suppression issue that was not an ultimate fact in the first prosecution and was not an ultimate fact in the second prosecution.").

[4] In Texas, it is questionable whether collateral estoppel exists outside of the Double Jeopardy context. *York*, at 552 n.155. The State did not make that argument below, and does not make that argument here.

8

Without that complete record, no reviewing court can address whether collateral estoppel might apply in a particular context . . . .").

Collateral estoppel is inapplicable when a proceeding subsequent to acquittal is governed by a lower standard of proof—

> [W]e have held that an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof.

*Dowling v. United States*, 493 U.S. 342, 349 (1990).

> In *Dowling v. United States*, the Supreme Court explained that collateral estoppel does not bar relitigation of an issue resolved by a prior acquittal when, in the subsequent proceeding, the issue is governed by a lower standard of proof. This holding defeats any attempt in the present case to use the detention issue's elemental status in the first prosecution as a basis for collateral estoppel. The State's failure to prove the validity of appellant's arrest or detention beyond a reasonable doubt (as an element of the failure-to-identify offense) does not result in a collateral-estoppel bar to determining the validity of that arrest or detention by a preponderance of the evidence in a subsequent suppression hearing.

*York*, 342 S.W.3d at 543-44 (footnotes omitted).

**B.** **Bernwanger did not meet his burden to show that the State was collaterally estopped to litigate reasonable suspicion to stop him.**

For three reasons, Bernwanger failed to demonstrate that the factual issue of reasonable suspicion to stop him was actually decided in the municipal court.

> **1.** **Bernwanger failed to provide a record of the municipal court trial.**

Absent a record of the traffic court proceedings, the trial court could not have determined that the jury found that reasonable suspicion to stop Bernwanger was lacking. Thus, the trial court had no basis upon which to determine that collateral estoppel was applicable.[5] *Guajardo*, 109 S.W.3d at 457, 460; *see also Dowling*, 493 U.S. at 352 ("There are any number of possible explanations for the jury's acquittal verdict at Dowling's first trial.").

---

[5]     To be clear, none of the trial court's findings are supported by any evidence because Bernwanger introduced none. Again, however, the State concedes that a municipal court jury acquitted Bernwanger of the traffic citations he received in connection with his DWI arrest.

**2. The municipal court proceeding determined different facts and imposed a higher burden of proof on the State than the suppression motion.**

Acquittal means, at most, that the State failed to prove that the defendant actually committed the charged offense beyond a reasonable doubt. *Dowling*, 493 U.S. at 349 ("The acquittal did not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt . . . ."; quotation omitted). That failure of proof provides no guidance in a motion to suppress that depends on—not the actual commission of an offense beyond a reasonable doubt—but reasonable suspicion of criminal activity by a preponderance of the evidence. *Drago*, 553 S.W.2d at 377; *York*, 342 S.W.3d at 543-44. These differences dictate that Bernwanger's collateral estoppel claim must fail. *Dowling*, at 349; *York*, at 543-44.

**3. Bernwanger failed to show that reasonable suspicion would be lacking absent the traffic infractions.**

Bernwanger understandably seized upon the traffic citations; reasonable suspicion for a traffic stop often hinges on poor driving. However, the violations cited reflect the charging officer's subjective belief

11

as to what offenses he deems, for whatever reasons, worth filing. The filed charges shed no light on any other possible violations, suspected or not, that may give rise to reasonable suspicion to stop. That is because reasonable suspicion depends on the facts articulated by the detaining officers viewed through the objective prism of the reasonable officer. *Derichsweiler*, 348 S.W.3d at 914.

Thus, trying to negate the charged traffic violations was a good place to start. However, collateral estoppel is a defensive issue that, when applicable, may negate specific facts that the State presents to show reasonable suspicion. By going forward on his defense of collateral estoppel without the benefit of the State having presented its case for reasonable suspicion, Bernwanger had to prove that the facts found by the first jury included all possible facts that the detaining officer might have articulated in support of reasonable suspicion.[6] It is easy to see why

---

[6] Bernwanger argued that other "bad driving facts" came up during the municipal court proceedings but presented no proof to back up that claim, much less that the jury made relevant findings on those facts. RR 9.

Bernwanger failed to meet his burden and, also, why the trial court erred in granting his motion to suppress.

## PRAYER

For these reasons, the State requests that the Court reverse the trial court's order granting Bernwanger's motion to suppress and grant the State all other proper relief.

Respectfully Submitted,

/s/ A. Cliff Gordon
A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

## CERTIFICATE OF COMPLIANCE

According to the word count of the computer program used to prepare this document, it contains 3,222 words.

## CERTIFICATE OF SERVICE

On May 14, 2015, a true copy of the foregoing was served via eServe on the following:

Mr. RC Pate
The RC Pate Law Firm
321 Flores
San Antonio, TX 784204
Appellate Counsel for Appellee

/s/ A. Cliff Gordon
A. Cliff Gordon